1998 ND 115

**Dawn JOHNSON, Plaintiff and Appellant,**

v.

**J. Patrick TRAYNOR, in his official capacity as Executive Director of the North Dakota Workers Compensation Bureau, and the State of North Dakota, acting through the North Dakota Workers Compensation Bureau, Defendants and Appellees.**

Civil No. 970364.

Supreme Court of North Dakota.

June 4, 1998.

Dietz, Little & Haas, Bismarck, for plain-tiff and appellant; argued by Dean J. Haas.

Brent J. Edison (argued), Special Assistant Attorney General, Bismarck, for defendants and appellees.

MESCHKE, Justice.

[¶ 1] Dawn Johnson appealed a district court judgment dismissing her petition for declaratory and injunctive relief against the North Dakota Workers Compensation Bureau to prohibit it from enforcing a statute that forces arbitration of claims not over $3,000.00. We affirm.

[¶ 2] On June 30, 1995, Johnson injured her back while working. She claimed work-ers compensation benefits, and the Bureau accepted her claim and paid benefits. Later, Johnson claimed specific benefits of $584.00 for diagnostic testing of her kidneys. On March 19, 1996, the Bureau denied this claim as not related to her work injury. Johnson petitioned for reconsideration under NDCC 28–32–14, and the Bureau asked the Office of Administrative Hearings to assign an Admin-istrative Law Judge.

[¶ 3] While awaiting the hearing before the ALJ, Johnson's counsel contacted the Bureau and questioned whether, since the disputed amount was less than $3,000.00, NDCC 65–02–15 required the dispute to be resolved by arbitration. Part of NDCC 65–02–15 (em-phasis ours) directs:

A dispute between the bureau and an in-jured employee *must be resolved* by arbi-tration when the dispute concerns an amount no greater than three thousand dollars.... The bureau retains continuing jurisdiction over the arbitration proceeding under section 65–05–04. An arbitration decision that is not revoked or modified by

the bureau under section 65–05–04 is final and not reviewable by any court.

The Bureau answered "the amount in dispute is less than $3,000 and thus binding arbitra-tion is appropriate," but still offered Johnson the choice of either an administrative hearing or arbitration. Believing NDCC 65–02–15 compelled arbitration, Johnson proceeded, under protest, with arbitration.

[¶ 4] Before the arbitration hearing, John-son petitioned on November 20, 1996, for declaratory and injunctive relief in district court, alleging NDCC 65–02–15 is unconstitu-tional because it forces arbitration and pre-cludes judicial review. On April 24, 1997, an arbitration hearing on Johnson's claim was held. At the hearing, Johnson challenged the jurisdiction of the arbitrator and contest-ed the Bureau's denial of her claim for diag-nostic testing of her kidneys. While the arbitrator concluded Johnson "made no more than a bare bones assertion that [NDCC 65–02–15] is unconstitutional," he also found "[t]he parties stated the jurisdictional ques-tion is part of a pending district court action and no further arguments were advanced as part of this proceeding." On the benefits denied by the Bureau, the arbitrator found, "[t]he weight of the evidence favors the Bu-reau's decision to deny payment for services related to [Johnson's] kidney problems." On May 7, 1997, the arbitrator upheld in its entirety the March 9, 1996 order of the Bu-reau denying Johnson's claim for diagnostic testing of her kidneys.

[¶ 5] On May 13, 1997, Johnson moved for summary judgment in her declaratory and injunctive action, asserting NDCC 65–02–15 was unconstitutional. The Bureau responded with a cross-motion for summary judgment on June 11, 1997, alleging Johnson had elect-ed the remedy of arbitration, and had failed to exhaust her administrative remedies with the arbitration. On September 4, 1997, the district court denied Johnson's summary judgment motion, and granted the Bureau's cross-motion for summary judgment. The court ruled Johnson was "precluded from a challenge as to the constitutionality of the law" because she had elected to arbitrate and

had not exhausted her administrative remedies.

[¶ 6] Johnson appealed.

## I. Election of Remedies

[¶ 7] The Bureau contended it gave Johnson the option to proceed under either NDCC 65–02–15, by arbitration, or under NDCC ch. 28–32 by an administrative hearing. The trial court agreed, holding Johnson had made a "knowing election of remedies provided to" her:

> While it is undisputed that [Johnson's] claim that in the amount of $584.00, would be subject to mandatory binding arbitration pursuant to the provisions of the foregoing statute, [Johnson] was afforded the opportunity to proceed with an administrative hearing pursuant to Section 28–32 of the North Dakota Century Code, which would have provided [Johnson] the fact finding hearing that she seeks herein, together with judicial review of any final administrative decision.

However, neither the Bureau nor the trial court cited any statutory authority for the Bureau's position it could give Johnson a choice between an administrative hearing, with judicial review, or arbitration, without judicial review. We therefore conclude the trial court erred in holding Johnson had elected arbitration as her sole remedy.

[¶ 8] The Bureau continues to claim here Johnson elected arbitration over the existing and inconsistent remedy of an administrative hearing. *See Johnson v. Monsanto Co.*, 303 N.W.2d 86, 94 (N.D.1981)(claimant held to have elected damage remedy, rather than restitution remedy). From Johnson's election, the Bureau asserts, she cannot challenge her elected remedy of arbitration as unconstitutional for not permitting judicial review of the arbitrator's decision. The Bureau cites *Quist v. Best Western International, Inc.,* · 354 N.W.2d 656 (N.D.1984). In

*Quist* at 663–64 (emphasis ours), we reviewed several cases involving "waiver of the right to assert the unconstitutionality of a statute," and held "it is clear that in North Dakota one who seeks to enjoy the benefits under a law cannot, *in the same proceedings,* question the constitutionality of the act under which he proceeds. This is so even in the event that benefits are ultimately denied."

[¶ 9] But the Bureau's reliance on *Quist* here is misplaced. In that case, the appellant, Best Western, failed to allege the broad authority granted to the Securities Commissioner by North Dakota's Franchise Investment Law (FIL) made the law "facially unconstitutional" before Best Western petitioned the Commissioner to exercise his discretionary authority under the FIL. 354 N.W.2d at 664. That was held to be a waiver of the right to question the statute's constitutionality.

[¶ 10] In contrast, Johnson raised the constitutionality of NDCC 65–02–15 in her November 20, 1996 petition for declaratory relief, well before the arbitration took place. Johnson also raised this issue with the arbitrator by participating in the arbitration under protest. Here, the constitutionality of NDCC 65–02–15 was raised early in both the arbitration and the trial court. *Quist* is therefore inapposite here.

[¶ 11] We conclude the only remedy available to Johnson was the statutorily required remedy of arbitration under NDCC 65–02–15. Although the Bureau offered to let Johnson proceed with a judicially reviewable administrative hearing, it had no statutory power to do so.[1] *See Reliable, Inc. v. Stutsman County Comm'n,* 409 N.W.2d 632, 634 (N.D. 1987) (citations omitted)(subject matter jurisdiction "cannot be conferred by agreement, consent, or waiver."). Because Johnson made no election of remedies here, she did not waive her constitutional challenge to NDCC 65–02–15 by arbitrating under protest.

---

1. Throughout the Bureau's brief and at oral argument, the Bureau asserted Johnson had chosen arbitration over a hearing before an ALJ. However, the Bureau also said in a footnote (emphasis ours):

> At the time the *Little* [*v. Tracy,* 497 N.W.2d 700 (N.D.1993)] case was decided, arbitration was a voluntary election by the claimant (but not the employer) and available for all issues including compensability. Subsequently, the Legislature amended the statute *making arbitration compulsory for both parties* but only for controversies with an amount in dispute of less than $3,000.

*II. Exhaustion of Remedies*

■ [¶ 12] "Before someone may sue for declaratory relief, generally, the exhaustion of administrative remedies is required." *Medcenter One, Inc. v. North Dakota State Bd. of Pharmacy,* 1997 ND 54, ¶ 11, 561 N.W.2d 634 (citing *Tooley v. Alm,* 515 N.W.2d 137 (N.D.1994)). "The requirement for exhaustion is particularly weighty when the agency's decision involves factual issues or administrative expertise." *Id.* (citing *Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.,* 531 N.W.2d 289 (N.D.1995)). The Bureau argues Johnson did not exhaust available administrative remedies before seeking declaratory and injunctive relief. We agree.

[¶ 13] As we explained earlier, NDCC 65–02–15 requires arbitration of a dispute between an injured employee and the Bureau if the dispute involves less than $3,000.00. NDCC 65–02–15 also directs "[t]he bureau retains continuing jurisdiction over the arbitration proceeding under section 65–05–04. An arbitration decision that is not revoked or modified by the bureau under section 65–05–04 is final and not reviewable by any court." Under NDCC 65–05–04,

the bureau at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation. There is no appeal from a bureau decision not to reopen a claim after the bureau's order on the claim has become final.

Thus, under state law, if the Bureau does not revoke or modify an award or denial of compensation, the award or denial is not appealable. *See Lass v. North Dakota Workmen's Compensation Bureau,* 415 N.W.2d 796 (N.D.1987). However, the Bureau argues NDCC ch. 32–29.2, the Uniform Arbitration Act, authorizes judicial review of an arbitration award.

■ [¶ 14] The Bureau correctly asserts NDCC 32–29.2–12 enables judicial review of an arbitration award for certain reasons. The Bureau argues Johnson should have brought the arbitrator's award to the trial court for review of the award under NDCC 32–29.2–12. This argument, however, ignores the clear instructions given in NDCC 32–29.2–01 (part) (emphasis ours):

Sections 32–29.2–01 through 32–29.2–20 also apply to arbitration agreements between employers and employees or between their respective representatives *unless otherwise provided in the agreement.*

Because NDCC 65–02–15 "otherwise provides" an arbitration award is "final and not reviewable by any court," that specific statute governs over the general provisions of the Uniform Arbitration Act. *See* NDCC 1–02–07 (particular controls general). We conclude NDCC 32–29.2–12 is inapplicable here, and no judicial review of a workers compensation arbitration is available under the Uniform Arbitration Act.

■ [¶ 15] The Bureau also argues the North Dakota Administrative Code authorized review of an arbitration award in sections 92–01–02–26(7)(m) and 92–01–02–26(8).[2] The Bureau's cites are inapt, but we consider the correct versions of these regulations. N.D.Admin.C. 92–01–02–26(8)(m) said:

Any party or the bureau may request reconsideration upon written application filed with the arbitrator and served on the other party and the bureau within ten days of the arbitrator's decision. The arbitrator may deny the request with or without explanation, issue an amended order, or order that the proceedings be reopened for submission of additional evidence or briefs.

And N.D.Admin.C. 92–01–02–26(9) said:

The bureau retains continuing jurisdiction over the decision of the arbitrator,

---

2. The Bureau's cites were inaccurate and out of date. The current North Dakota Administrative Code shows these sections are no longer in effect, but were effective January 1, 1994 through December 31, 1996, in their correct embodiment as N.D.Admin.C. 92–01–02–26(8)(m) and N.D.Admin.C. 92–01–02–26(9). The Bureau's counsel did not, either in his brief or at oral argument, cite to these sections with dates or indicate they were no longer in effect. Especially in a case like this, which turns on frequently amended administrative regulations, counsel should carefully specify the version of a regulation or statute cited and relied upon.

pursuant to North Dakota Century Code sections 65–02–18 and 65–05–04. The director of the bureau may review an arbitration decision upon motion of any party or the bureau. The motion must be in writing, and filed with the director within thirty days of the final decision of the arbitrator. The motion must be accompanied by specific grounds for the review and must be served upon all parties and the bureau. The director will specify whether briefs are required. The director will limit exercise of continuing jurisdiction to reverse the decision of an arbitrator to instances where:

a. The arbitration decision is contrary to law; or

b. The arbitration decision has no rational basis.

The director may refuse to exercise continuing jurisdiction without explanation. Where the director reverses an arbitration decision, the director will issue findings of fact, conclusions of law, and order.

These regulations were in effect when Johnson was injured.[3]

[¶ 16] Johnson was injured on June 30, 1995. "Unless otherwise provided, the statutes in effect on the date of an injury govern workers' compensation benefits." *Anderson v. North Dakota Workers Compensation Bureau*, 553 N.W.2d 496, 498 (N.D.1996)(quoting *Thompson v. North Dakota Workers' Compensation Bureau*, 490 N.W.2d 248, 251 (N.D.1992)). Absent any indication otherwise, the version of N.D.Admin.C. 92–01–02–26 in effect on the date of Johnson's injury governed her claim.

[¶ 17] The Bureau argues these regulations gave Johnson two opportunities for review of the arbitrator's award, and Johnson failed to take advantage of them, and so she failed to exhaust her administrative remedies. We agree. We affirm the trial court's dismissal for lack of exhaustion of remedies.

[¶ 18] Under N.D.Admin.C. 92–01–02–26(8)(m), Johnson had an opportunity to request the arbitrator to reconsider the award. Johnson did not use this opportunity, and tried to explain why in her brief to this Court:

> Because a request to "reconsider" under N.D.A.C., Section 92–01–02–26(7)(m) [sic] is wholly illusory, and is obviously not equivalent to the right to judicial review, we did not request reconsideration. We do not view reconsideration as a true remedy, as reconsideration is as unlikely to change the merits as is a petition for rehearing before this Court.

Johnson thus realizes she could have requested reconsideration, but chose not to do so. The Bureau is correct; her choice was a failure to exhaust an available administrative remedy.

[¶ 19] Additionally, N.D.Admin.C. 92–01–02–26(9) gave Johnson another opportunity for review of the arbitrator's decision. Under subsection (9), Johnson could have requested the Executive Director of the Bureau to exercise his continuing jurisdiction over the decision of the arbitrator. Although the Executive Director had no obligation to exercise continuing jurisdiction, if he had done so, he could have reversed the arbitrator's award if it was "contrary to law" or had "no rational basis," and could have issued findings of fact, conclusions of law, and an order. Johnson offers no explanation for her failure to pursue this available administrative remedy.

[¶ 20] In *Medcenter One, Inc. v. North Dakota State Bd. of Pharmacy*, 1997 ND 54, ¶ 11, 561 N.W.2d 634 (citations omitted), we explained the importance of exhaustion of administrative remedies:

> Before someone may sue for declaratory relief, generally, the exhaustion of administrative remedies is required. The exhaustion requirement serves the dual objectives of preserving agency authority and promoting judicial efficiency. The

---

3. N.D.Admin.C. 92–01–02–26(9)(1994) cited to NDCC 65–02–18: "A decision resulting from binding arbitration is final and nonreviewable by any court, except as provided in section 65–05–04." Although apparently unnoticed by the Bureau, NDCC 65–02–18 was repealed by 1995

N.D. Laws, ch. 614, § 6. Similar language was adopted as an amendment to NDCC 65–02–15 by 1995 N.D. Laws, ch. 614, § 2: "An arbitration decision that is not revoked or modified by the bureau under section 65–05–04 is final and not reviewable by any court."

doctrine preserves agency authority by recognizing the agency's initial decision-making responsibility. The requirement for exhaustion is particularly weighty when the agency's decision involves factual issues or administrative expertise. The exhaustion prerequisite establishes an efficient method for dispute resolution by giving the agency a chance to correct its mistakes before being sued. If the agency has an opportunity to correct its own errors, a judicial controversy may be mooted or, at a minimum, piecemeal appeals may be avoided. And, where the dispute is not resolved at the administrative level, the exhaustion of remedies will generally develop a complete record for judicial review, especially in technical or complex factual situations. These factors recognize a vital role for exhaustion of administrative remedies in the relationship between the executive and the judicial branches of government.

Because Johnson did not exhaust her available administrative remedies, we conclude the trial court properly dismissed her action. We affirm.

### III. Constitutional Issues

[¶ 21] On appeal, Johnson raises several federal and state constitutional issues. Because we conclude she did not exhaust her administrative remedies, we do not decide the constitutional issues raised. *See e.g., Tracy v. Central Cass Pub. Sch. Dist.,* 1998 ND 12, ¶ 7, 574 N.W.2d 781 (claimant's failure to exhaust available remedies barred wrongful termination suit); *Long v. Samson,* 1997 ND 174, ¶ 14, 568 N.W.2d 602 (claimant precluded from suit by failure to exhaust available administrative remedies).

[¶ 22] We affirm the trial court's judgment of dismissal.

[¶ 23] VANDE WALLE, C.J., and MARING, NEUMANN and SANDSTROM, JJ., concur.

