1998 ND 12

Joseph L. TRACY, Plaintiff
and Appellant,

v.

CENTRAL CASS PUBLIC SCHOOL
DISTRICT, A Public Corporation,
Defendant and Appellee.

Civil No. 970150.

Supreme Court of North Dakota.

Jan. 20, 1998.

Daniel J. Chapman, Chapman and Chapman, Bismarck, for plaintiff and appellant.

Gary R. Thune, Pearce and Durick, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Joseph L. Tracy appealed from the Judgment of the Cass County District Court dismissing his claim for tortious interference with contract in part because Tracy failed to exhaust his remedies with the Education Standards and Practices Board. We affirm.

I

[¶ 2] Joseph L. Tracy was an English and art teacher for the Central Cass Public School District. He received a two-year North Dakota teaching certificate set to expire on July 7, 1995. To have his certificate renewed, Tracy was required to complete a college credit course in North Dakota Native American Studies.

[¶ 3] A week before his teaching certificate expired, Tracy enrolled in a Native American Studies correspondence course. Tracy mailed his 1995–96 contract to the Central Cass superintendent on August 12, 1995. Two days later, Tracy completed the Native American Studies course and asked Superintendent Larry Nybladh and Principal Steven Lorentzen for re-certification recommendations for a five-year certificate. Both checked the *"I DO NOT RECOMMEND"* box. Nybladh and Lorentzen later claimed their decision to not recommend Tracy was based in part on complaints from parents and other teachers who were dissatisfied with Tracy's teaching.

[¶ 4] Tracy made no attempt to obtain recommendations from any school board members nor did he file an application to renew his certificate with the Education Standards and Practices Board (E.S.P.B.) or

request a hearing before the E.S.P.B. On August 18, 1995, Tracy submitted a handwritten resignation. The resignation was accepted by the Central Cass School Board at its September 11, 1995, regular meeting.

[¶ 5] On October 24, 1996, Tracy sued the Central Cass Public School District claiming tortious interference with his contract. After filing its Answer, Central Cass moved for summary judgment. Citing Tracy's failure to request a hearing before the E.S.P.B. and Tracy's written resignation, the Cass County District Court granted Central Cass's motion.

II

[¶ 6] Before we resolve the dispositive issue of this case, we note that without any factual evidence showing Superintendent Nybladh and Principal Lorentzen were acting for Central Cass, Tracy claims Central Cass is liable for the negative recommendations given by Nybladh and Lorentzen. He relies on vicarious liability under the theory of respondeat superior. Under this theory, liability extends to those acts done within the scope of the employee's duties that they owe to the employer. *Zimprich v. Broekel*, 519 N.W.2d 588, 591 (N.D.1994) (stating "an employer's vicarious liability extends only to those acts done on the employer's behalf and within the scope of the employee's duties") and *Nelson v. Gillette, et al.*, 1997 ND 205, ¶¶ 10–12, 571 N.W.2d 332 (stating political subdivisions are vicariously liable for the tortious acts of their employees for work done within the scope of their employment). Recommendations provided by school administrators to the E.S.P.B. are not a duty to the employer, but, rather, school administrators have a legal duty established by administrative rule. *See* N.D.A.C. § 67.1–02–02–04(2). *Compare Nelson*, 1997 ND 205, ¶¶ 19–21, 571 N.W.2d 332 (discussing North Dakota's definition of "scope of employment" as including instances where an employee is engaged in performing duties in furtherance of the employer's business). Tracy did not seek the recommendations of any Central Cass School Board members and did not point to any control by school board officials over the recommendation decisions of the administrators. Curiously, Central Cass did not challenge Tracy's vicarious liability theory. Thus, we will not make a disposition of the case based upon a lack of vicarious liability.

III

[¶ 7] On appeal, Tracy contends he is not required to request a hearing before the E.S.P.B. prior to suing the District for wrongful termination. The Central Cass Public School District relies on Tracy's failure to exhaust administrative remedies and, alternatively, contends Tracy is estopped from complaining because he voluntarily resigned his position with Central Cass. We need not consider the estoppel argument because we conclude Tracy's failure to exhaust his administrative remedies is dispositive.

IV

[¶ 8] After the court considers the pleadings, the briefs, affidavits, and other supporting documents, summary judgment should be issued if there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. N.D. R. Civ. P. 56(c). Central Cass and Tracy do not dispute the facts surrounding the refusal to re-certify Tracy. With these undisputed facts, the district court could decide the issue of the failure to exhaust remedies as a matter of law. *Hanson v. Cincinnati Life Ins. Co.*, 1997 ND 230, ¶¶ 10–11, 571 N.W.2d 363 *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 83–84 (N.D.1991) (concluding summary judgment was appropriate for medical doctor's wrongful discharge claim when doctor failed to exhaust administrative remedies). On appeal we review the case according to the same summary judgment standard. *Hanson*, at 230 ¶¶ 10–11.

[¶ 9] Tracy claims Nybladh and Lorentzen's refusal to recommend re-certification amounts to tortious interference with contract. He argues he was denied the opportunity to respond to parent and colleague complaints about his teaching performance. Tracy also alleges the refusal to recommend re-certification was a "back door" method of terminating his employment.[1] To establish a

---

1. Tracy makes some troubling allegations. Tracy claims the refusal to recommend re-certification

was a subterfuge to terminate his employment without providing the statutorily required proce-

prima facie case of tortious interference with contract, the plaintiff must prove: "(1) a contract existed; (2) the contract was breached; (3) the defendant instigated the breach; and (4) the defendant did so without justification." *Bismarck Realty Co. v. Folden*, 354 N.W.2d 636, 642 (N.D.1984).

[¶ 10] In North Dakota teachers are required to have a valid teacher's certificate. N.D.C.C. § 15–36–11. Tracy cannot fulfill his contract with the school board without certification. *Id.* According to rules promulgated by the Education Standards and Practices Board, section 15–36–01, N.D.C.C., teachers seeking re-certification are required to obtain three recommendations. N.D.A.C. § 67.1–02–02–04(2). "Two of the recommendations must be secured from the most recent employing board, supervisors, and administrators." *Id.* Superintendent Larry Nybladh and Principal Steven Lorentzen refused to give Tracy their recommendation.

[¶ 11] Instead of seeking recommendations from the Central Cass School Board, Tracy submitted his handwritten resignation. Tracy also failed to request a hearing when his "recommendations [were] not adequate to issue a five-year certificate...." *Id.* A hearing before the Education Standards and Practices Board is required to have all the procedural safeguards of section 28–32–05, N.D.C.C., and an order denying an application is appealable. N.D.A.C. § 67.1–02–02–04 (requiring a hearing before the education standards and practices board to be conducted according to N.D.C.C. § 28–32–05), and 67.1–02–02–06 (providing for an appeals process if the education standards and practices board denies an application for certification).

[¶ 12] Tracy now turns to the courts to correct a situation he did not attempt to cure at the outset. But, because Tracy failed to exhaust his administrative remedies, judicial review of the certification decision is not available. *Thompson v. Peterson*, 546 N.W.2d 856, 861 (N.D.1996) (holding a claim where plaintiff failed to exhaust administrative remedies was properly dismissed for lack of subject matter jurisdiction). "Our decisions have [ ] consistently required exhaustion of remedies before the appropriate administrative agency as a prerequisite to making a claim in court." *Id.*

[¶ 13] Tracy claims our holding in *Thompson v. Peterson*, is distinguishable because the internal appellate process in *Thompson* is somehow different than the external, E.S.P.B.-provided, appellate process in this case. In *Thompson* we expanded the doctrine of exhaustion of remedies from the administrative agency context to employment cases, generally. *Id.* at 861. We took a doctrine applicable to externally-provided processes and applied it to an internally-provided process. *Id.* at 861–63. Tracy's argument suggests we save the bath water and throw out the baby. Unless exhaustion would be futile, when appellate processes are available and the remedies will provide adequate relief —— whether they be internal or external —— those remedies must be exhausted before seeking judicial remedies. *Lapp v. Reeder Pub. Sch. Dist. No. 3*, 544 N.W.2d 164, 168 (N.D.1996) (affirming the refusal to amend judgment to increase reimbursement because litigants did not follow appropriate administrative procedures).

[¶ 14] The purpose of requiring exhaustion of remedies has its basis in the separation of powers doctrine. *Medical Arts Clinic v. Franciscan Initiatives*, 531 N.W.2d 289, 296 (N.D.1995). *See State ex rel. Spaeth v. Meiers*, 403 N.W.2d 392, 394 (N.D.1987) (interpreting article XI, section 26, of the North Dakota Constitution as recognizing separation of powers). Exhaustion of remedies is also beneficial to the judicial branch because it allows executive branch agencies to use their particular expertise in resolving disputes. *Soentgen*, 467 N.W.2d at 82 (quoting *Westlake Community Hosp. v. Superior Court of Los Angeles Cty.*, 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410, 416 (1976)). The matter may be settled, avoiding judicial review. *Id.* But even when the case makes its

dures of section 15–47–38, N.D.C.C. The teacher-certification statute, chapter 15–36, N.D.C.C., and non-renewal statute, section 15–47–38, N.D.C.C., are procedures designed to serve two different purposes. To allow school administrators to effectively terminate a teacher through the re-certification process would defeat the purpose of the notice and hearing procedure of the non-renewal statute. However, Tracy's failure to seek other recommenders or pursue an administrative hearing prevents a judicial examination of his allegations.

way into the court system, our review is aided with the findings, conclusions, and record compiled by the agency. *Id.* Here, the executive branch was not given its chance. Tracy's failure to take advantage of the Education Standards and Practices Board procedures precludes our review.

## V

[¶ 15] We conclude the district court correctly dismissed Tracy's claim for lack of subject matter jurisdiction because Tracy failed to exhaust his administrative remedies.

[¶ 16] We affirm.

[¶ 17] SANDSTROM, NEUMANN, MARING and MESCHKE, JJ., concur.

