Filed 12/3/99 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1999 ND 228

Mark Dimond, Plaintiff and Appellee

v.

State of North Dakota, by and 

through the State Board of

Higher Education, Defendant and Appellant

No. 990178

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Glenn Dill, III, Judge.

SUPERVISION ORDERED.

Opinion of the Court by Maring, Justice.

Monte Lane Rogneby (argued), Special Assistant Attorney General, and John C. Kapsner, Special Assistant Attorney General, Gate City Federal Bldg., 304 East Rosser, P.O. Box 7009, Bismarck, N.D. 58502-7009, for defendant and appellant.

Paul Michael Probst, Northland Professional Bldg., 600 22
nd
 Avenue N.W., Minot, N.D. 58703, for plaintiff and appellee.

Dimond v. State Board of Higher Education

No. 990178

Maring, Justice.

[¶1] This appeal is taken from a partial judgment entered under N.D.R.Civ.P. 54(b).  We conclude Rule 54(b) certification should not have been granted.  We determine, however, this a proper case in which to exercise our supervisory powers and direct the trial court to dismiss this action. 

I.

[¶2] Dr. Mark Dimond taught music at Minot State University (“MSU”) as a tenured professor, specializing in keyboard instruction.  MSU, a public university, is an entity under the control of the State of North Dakota, through the State Board of Higher Education (“Board”).  On May 5, 1994, Dr. Joseph Hegstad, Chair of the Music Division, notified Dimond of his intent to recommend Dimond’s dismissal for cause.  Through an attorney, Dimond objected to the dismissal on May 12, 1994.  The next day, Dr. Hegstad recommended Dimond’s dismissal to MSU president, Dr. Eric Shaar.  Also on May 13, 1994, Dr. Shaar notified Dimond of his dismissal for adequate cause, under State Board of Higher Education Policy Section 605.

[¶3] Dimond sought review of his termination by a Special Review Committee.  On October 26, 1994, this committee declared itself unable to resolve the issue and recommended Dimond’s case be transferred to the Standing Committee on Faculty Rights (“Standing Committee”).  The Standing Committee held hearings on February 25-26, 1995.  Its final report recommended Dimond take medical leave and his employment then be re-evaluated.  On May 10, 1995, Dr. Shaar affirmed Dimond’s dismissal, rejecting medical leave because he believed it an inappropriate sanction for Dimond’s conduct.  Dimond’s dismissal became effective May 15, 1995.

[¶4] Dimond appealed his termination to the State Board of Higher Education.  Administrative hearings were held on August 15-16, 1995, and September 15, 1995, before Administrative Law Judge (“ALJ”) Bonny Fetch.  ALJ Fetch upheld Dimond’s dismissal, concluding MSU showed sufficient cause to terminate him.

[¶5] On August 8, 1997, Dimond began a lawsuit against the state, from which this appeal arises.  The Board, representing the state, filed a motion to dismiss, arguing that the district court lacked subject matter jurisdiction because Dimond failed to comply with N.D.C.C. §§ 32-12-03 and 32-12.2-04, both of which require plaintiffs to present potential claims against the state to state entities before initiating a lawsuit.

[¶6] The court denied the Board’s motion to dismiss on March 11, 1999.  In his memorandum decision, the trial judge wrote:

It is the State’s apparent position that the appellate process ends with the Board’s decision.  Plaintiff was notified he would be fired on May 5, 1994.  When he had exhausted his administrative remedies, it was March 17, 1996.  Assuming that NDCC 32-12.2-04 applies to a contract claim, which seems unlikely, the 180 days had clearly passed.  The State seems chiefly interested in denying the plaintiff a hearing before any court.

Perhaps that is the law.  I will not so rule.

[¶7] The Board then filed a motion to alter or amend the decision, but in the alternative, asked the trial court to certify the case under N.D.R.Civ.P. 54(b).  The judge denied the Board’s motion to alter or amend and granted the motion for certification under Rule 54(b).  As to the certification, the lower court wrote:  

In so ordering, the court expressly finds there is no just reason for delay of entry of judgment as to the court’s denial of the Board’s jurisdiction defense.  The court hereby orders that a final judgment should be entered concerning the Board’s jurisdiction defense . . . .

[¶8] This appeal ensued.

II.

[¶9] As a general rule, this Court will not hear appeals from interlocutory orders.  Such appeals are premature, because the trial court may revise interlocutory orders at any time before the entry of final judgment adjudicating all claims.  
Belden v. Hambleton
, 554 N.W.2d 458, 460 (N.D. 1996).  Thus, our refusal to hear appeals arising from interlocutory orders conserves judicial resources by promoting a policy against piecemeal appeals.  
Gessner v. City of Minot
, 529 N.W.2d 868, 870 (N.D. 1995). 

[¶10] In order to invoke our jurisdiction over an interlocutory order, an appeal must satisfy two separate jurisdictional criteria.  First, the order appealed from must be of a type enumerated by N.D.C.C. § 28-27-02.  
Mitchell v. Sanborn
, 536 N.W.2d 678, 681 (N.D. 1995).  Second, the lower court must properly certify the case under N.D.R.Civ.P. 54(b).  
Id.
  Rule 54(b) requires the trial court to include in its certification an “express determination that there is no just reason for delay and . . . an express direction for the entry of judgment.”  We conclude this appeal meets neither requirement.

A. 

[¶11] Section 28-27-02, N.D.C.C., confines this Court’s appellate jurisdiction by enumerating the types of trial court orders which “may be carried to the supreme court.”  The Board contends this appeal, which arises from the denial of its motion to dismiss, falls within N.D.C.C. § 28-27-02(5) because the order issued below involved “the merits of an action or some part thereof.”  The Board cites no precedent to support this proposition.  We conclude that long established North Dakota case law consistently and squarely contradicts the Board’s assertion.

[¶12] In 
Security Nat’l. Bank of Fargo v. Bothne
, 217 N.W. 148, 149 (N.D. 1927), this Court held the denial of a motion to dismiss is a non-appealable interlocutory order.  We also specifically have held the denial of a motion to dismiss for lack of jurisdiction is non-appealable.  
Blue Arm v. Volk
, 254 N.W.2d 427, 428 (N.D. 1977); 
Grenz v. O’Rourke
, 235 N.W.2d 881, 884 (N.D. 1975).  In addition, our court previously considered N.D.C.C. § 28-27-02(5), the very subsection cited by the Board, explicitly concluding the denial of a motion to dismiss for lack of jurisdiction does not involve the merits of a claim.  
Schaff v. Kennelly
, 69 N.W.2d 777, 779-80 (N.D. 1955).  Rather the denial of a motion to dismiss, like the denial of a motion for summary judgment, is “merely interlocutory and, leaving the case pending for trial, it decides nothing, except that the parties may proceed with the case.”  
Rude v. Letnes
, 154 N.W.2d 380, 381 (N.D. 1967).  Thus, this appeal fails the first criteria.

B. 

[¶13] We also conclude the appeal fails the second criteria because Rule 54(b) certification should not have been granted.  We review the certification to determine if the trial court abused its discretion.  
Mitchell
, 536 N.W.2d at 681.  Rule 54(b) states:

If more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or if multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment . . . .

[¶14] The rule’s language expressly applies only to suits involving multiple claims or parties.  The present appeal simply does not fall within this language.  First, Dimond’s complaint does not clearly state multiple claims for relief, but rather contains a contract claim and some additional, vague language requesting tort-type relief.  Even assuming Dimond’s suit contains multiple claims, the lower court in this case certified the entire case for our review, rather than “one or more but fewer than all of the claims . . . .”  Second, Dimond’s action does not involve “multiple parties” where judgment has been entered as to “one or more but fewer than all of the . . . parties.”  Rather this action involves one plaintiff and one defendant.

[¶15] In addition, we determine this appeal does not meet the standards for Rule 54(b) certification set forth in our prior decisions.  We have stated that Rule 54(b) certification is available only in the “‘infrequent harsh case’ warranting the extraordinary remedy of an otherwise interlocutory appeal.”  
Mitchell
, 536 N.W.2d at 681-82.  For Rule 54(b) certification to be valid, the party seeking certification must demonstrate that without it prejudice or hardship will result, such that the case’s circumstances are “unusual and compelling” or “out-of-the-ordinary.”  
Id.
 at 682.  
 

[¶16] First, we note that in granting the certification, the trial court merely repeated the language of Rule 54(b).  We have explained 
that when the lower court certifies an appeal
 it must “delineate unusual or compelling circumstances justifying Rule 54(b) certification,” rather than simply parrot the language of the rule.  
Sickler v. Kirkwood
, 1997 ND 40, ¶¶ 6-7, 560 N.W.2d 532.  The court below did not justify the certification in any way; it did not delineate a single unusual or compelling factor presented by this case that would distinguish it from any other interlocutory appeal.  Thus the court below did not comply adequately with our standards.

[¶17] Second, both in the proceedings below and on appeal, the Board justified certification by arguing that litigation expenses would work a substantial hardship on both parties, yet it provided nothing to support this claim.  In 
Mitchell
, the litigants declared a trial would be an expensive, economic hardship, but provided no specific information about the extent of that hardship.  536 N.W.2d at 682.  Faced with only general assertions, we decided that appeal did not deserve certification.  
Id.
  The same is true here.  As the party seeking certification, the Board was required to show this appeal differs from other interlocutory appeals; it failed to do so.  While trial courts may consider litigation expenses as a relevant factor for Rule 54(b) certification, the party desiring certification must produce sufficient information to support a claim of hardship.  Thus, we conclude the trial court abused its discretion in granting Rule 54(b) certification.

III.

[¶18] The Board contends, if Rule 54(b) certification was in error, we should issue a supervisory writ directing the trial court to dismiss Dimond’s suit.  We determine this appeal presents proper circumstances justifying the exercise of our supervisory jurisdiction.  

[¶19] Our authority to issue supervisory writs arises from Article VI, Sec. 2 of the North Dakota Constitution and N.D.C.C. § 27-02-04.  
State ex rel. Heitkamp v. Hagerty
, 1998 ND 122, ¶ 6, 580 N.W.2d 139.  This authority is discretionary; it cannot be invoked as a matter of right.  
Trinity Medical Center, Inc. v. Holum
, 544 N.W.2d 148, 152 (N.D. 1996).  We issue supervisory writs “only to rectify errors and prevent injustice when no adequate alternative remedies exist.”  
Reems on Behalf of Reems v. Hunke
, 509 N.W.2d 45, 47 (N.D. 1993).  We exercise this authority “rarely and cautiously” and only in “extraordinary cases.”  
Hagerty
, 1998 ND 122, ¶ 6, 580 N.W.2d 139.  We conclude a supervisory writ is warranted because the trial court’s denial of the Board’s motion to dismiss contradicts North Dakota’s statutes and this Court’s precedent.

A. 

[¶20] The Board contends the trial court lacked subject matter jurisdiction to hear Dimond’s claim for breach of his employment contract because Dimond failed to comply with N.D.C.C. § 32-12-03.  That section states in relevant part:

No action upon a claim arising upon contract for the recovery of money only can be maintained against the state until the claim has been presented to the department, institution, agency, board, or commission to which claim relates for allowance and allowance thereof refused.We agree that the statute applies and, thus, Dimond’s failure to present his claim to the Board renders the trial court without jurisdiction.  

[¶21] In 
Messiha v. State
, we considered circumstances almost identical to those presented here.  1998 ND 149, 583 N.W.2d 385.  In that case, the University of North Dakota (“UND”) terminated tenured medical school professor Fathy Messiha for cause.  
Id.
 at ¶¶ 3-5.  While still pursuing his administrative remedies, Messiha filed suit against the state, but never alleged he presented notice of his claim to any state entity.  
Id.
 at ¶¶ 6, 19.  We concluded N.D.C.C. § 32-12-03 applied and upheld the district court’s dismissal of Messiha’s contract claims.  
Id.
 at ¶¶ 16-19.  In doing so, we determined his administrative appeal itself did not satisfy the statutory notice requirement.  
Id.
 at ¶ 18.  As in 
Messiha
, Dimond failed to allege he presented notice of his claim to any state entity as required by the statute. 

[¶22] Dimond argues both the statute and 
Messiha
 are inapplicable to his suit because he requested reinstatement, and thus his claim was not one for “the recovery of money only.”  We disagree.  Under N.D.C.C. § 32-04-12, the “obligation to employ another in personal service” cannot be specifically enforced.  Dimond’s claim was, in fact, for money only because reinstatement was never an available remedy.  

B.

[¶23] The Board also asserts to the extent Dimond’s complaint alleges a tort claim, it is barred by his failure to comply with N.D.C.C. § 32-12.2-04.  Dimond’s complaint never clearly states a tort claim, but does request tort-type relief:  monetary damages for loss of reputation, and emotional and mental distress.  Dimond was unable to specify the date on which his tort claim arose, but rather presented two options and suggested this Court choose between them.  We decline to do so because we conclude Dimond’s potential tort claim is barred notwithstanding the date on which it arose.

[¶24] Dimond’s first suggested injury date is May 13, 1994, the date Dimond received notice of his termination from MSU’s president.  At that time, sovereign immunity barred tort claims against the state.  Such claims were not allowed until our decision to abrogate the state’s immunity in 
Bulman v. Hulstrand Construction Co., Inc.
, decided September 13, 1994.  521 N.W.2d 632 (N.D. 1994).  There we explained that abrogation was prospective, with a special exception for 
Bulman
 and two contemporaneous cases decided the same day.  
Id.
 at 640.  Later, our Court entered supervisory writs directing trial courts to dismiss tort claims against the state arising before the abrogation date specified in 
Bulman
.  
See, e.g.
, 
Levey v. State Development Center
, 533 N.W.2d 707, 709 (N.D. 1995) (Meschke, J., concurring).  Similarly, Dimond’s suit, if it arose on May 13, 1994, is barred by the doctrine of sovereign immunity.

[¶25] Underlying this Court’s decision to abrogate sovereign immunity prospectively was our desire to allow the Legislature necessary time to plan for the change.  
Bulman
, 521 N.W.2d at 640.  In response, the Legislature passed N.D.C.C. § 32-12.2-

04, which became effective April 22, 1995.  The first subsection states, in relevant part:

A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded.

Dimond asserts the second possible date his tort claim arose is May 15, 1995, the date his termination became effective.  Dimond never alleged he presented notice of his tort claim to the office of management and budget within the allowed time.  Thus, if Dimond’s suit arose on this date, it is barred because he failed to comply with N.D.C.C. § 32-12.2-04(1).

IV.

[¶26] We conclude the trial court lacked subject matter jurisdiction over Dimond’s claims and erred as a matter of law in denying the Board’s motion to dismiss.  We, therefore, exercise our supervisory authority and direct the district court to dismiss Dimond’s contract claim without prejudice and his tort claim with prejudice.

[¶27] Mary Muehlen Maring

William A. Neumann

Dale V. Sandstrom

James M. Bekken, D.J.

Gerald W. VandeWalle, C.J.

[¶28] James M. Bekken, D.J., sitting in place of Kapsner, J., disqualified.