1999 ND 238

Paula COOKE, Plaintiff and Appellant,

v.

The UNIVERSITY OF NORTH DAKOTA, Defendant and Appellee.

No. 990235.

Supreme Court of North Dakota.

Dec. 22, 1999.

William E. McKechnie of William E. McKechnie & Associates, P.C., Grand Forks, ND, for plaintiff and appellant.

Douglas A. Bahr, Solicitor General, Bismarck, ND, for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Paula Cooke appealed from a district court judgment dismissing her complaint against the University of North Dakota ("UND"). We hold N.D.C.C. § 32–12.2–04(1)'s notice of claim requirement is consistent with exhaustion of remedies theory. To comply with both, a party must present the requisite notice under N.D.C.C. § 32–12.2–04(1) and pursue available administrative remedies prior to initiating a lawsuit. Because Cooke failed to comply with N.D.C.C. § 32–12.2–04(1), the district court lacked subject matter jurisdiction. We affirm.

I

[¶ 2] In April 1998, Paula Cooke was an assistant professor of aviation at UND. When the Director of Aerospace Network resigned, Cooke indicated she wished to be considered for the position. On June 1, 1998, UND appointed a person other than Cooke as director. The next day, Cooke learned she had not been appointed.

[¶ 3] Alleging discrimination, Cooke presented a formal complaint to UND's Affirmative Action Office on August 18, 1998. On November 6, 1998, the director of UND's Affirmative Action Office sent a letter to Cooke, informing Cooke her claim lacked merit and was rejected. Shortly thereafter, Cooke resigned.

[¶ 4] On February 26, 1999, Cooke's attorney sent a letter and a notice of claim on Cooke's behalf to the Office of Management and Budget. The Office of Management and Budget received the letter and notice on March 2, 1999.

[¶ 5] Cooke brought suit, alleging UND violated her rights under the North Dakota Human Rights Act. She asserted UND failed to appoint her Director of Aerospace Network because of her marital status and sought damages in excess of $50,000. Contending Cooke failed to present a notice of claim as required by N.D.C.C. § 32–12.2–04(1), UND moved for dismissal under N.D.R.Civ.P. 12(b)(i). The district court agreed Cooke failed to comply with N.D.C.C. § 32–12.2–04(1)'s notice of claim requirement and ordered the complaint dismissed with prejudice for lack of jurisdiction. Judgment was entered on July 30, 1999. Cooke appealed.

II

■ [¶ 6] Cooke asserts compliance with N.D.C.C. § 32–12.2–04(1) is "incongruous" with the established requirement that state university employees exhaust administrative remedies before bringing suit. We disagree.

■ [¶ 7] Under N.D.C.C. § 32–12.2–04(1), a person bringing a claim against the state must give notice of the claim within 180 days after discovery of the alleged injury. The statute provides:

A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded....

N.D.C.C. § 32–12.2–04(1). The statute encourages prompt investigation while evidence is still fresh; repair of any dangerous condition; quick and fair settlement of meritorious claims; and preparation of fiscal planning to meet possible liability. *See Besette v. Enderlin Sch. Dist. No. 22*, 288 N.W.2d 67, 71 (N.D.1980) (describing the interests furthered by notice of claim statutes); *see also* Jim Fraiser, *Sufficiency of Notice of Claim Against Local Political*

*Entity as Regards Time When Accident Occurred*, 57 A.L.R.5th 689, 706–07 (listing frequently cited purposes of notice of claim statutes).

[¶ 8] Section 32–12.2–04, N.D.C.C., expressly distinguishes between a "person bringing a claim" and a "person bringing a legal action." A person bringing a claim against the state must present the requisite written notice. N.D.C.C. § 32–12.2–04(1). A " '[c]laim' means any claim for money damages brought against the state or a state employee for an injury caused by the state or a state employee." N.D.C.C. § 32–12.2–01(1). A person bringing a legal action against the state must deliver a copy of the summons and complaint to the Office of Management and Budget when the summons and complaint are served in the action. N.D.C.C. § 32–12.2–04(5). By distinguishing between a "claim" and a "legal action," the Legislature must have intended to require a claimant to present a notice of a claim regardless of whether a legal action is filed. *See State v. Beilke*, 489 N.W.2d 589, 592 (N.D.1992) (noting "[t]he legislature is presumed to act with purpose and not perform useless acts"); *Matter of Estate of Thompson*, 1998 ND 226, ¶ 7, 586 N.W.2d 847 (providing "[w]e construe statutes as a whole to give effect to each of its provisions, whenever fairly possible").

[¶ 9] If a person suing the state fails to satisfy N.D.C.C. § 32–12.2–04(1)'s notice of claim requirement, dismissal of the person's complaint is proper. *Dimond v. State Bd. of Higher Educ.*, 1999 ND 228, ¶¶ 24–26, 603 N.W.2d 66, (concluding dismissal was warranted either because sovereign immunity barred the plaintiff's termination claim or, if the claim did not arise until the plaintiff's termination became ef-

fective, because the plaintiff never alleged he presented the requisite notice under N.D.C.C. § 32–12.2–04(1)); *Messiha v. State*, 1998 ND 149, ¶ 22, 583 N.W.2d 385 (upholding summary judgment dismissal of a professor's claim because he failed to provide any evidence he presented a written claim for compensation as required by N.D.C.C. § 32–12.2–04(1)); *Allied Mut. Ins. Co. v. Director of North Dakota Dep't of Transp.*, 1999 ND 2, ¶ 16, 589 N.W.2d 201 (holding actual notice of an occurrence is insufficient to meet the written notice of claim requirement under N.D.C.C. § 32–12.2–04(1) and therefore concluding dismissal was proper under N.D.R.Civ.P. 12(b)(i) for lack of subject matter jurisdiction); *Earnest v. Garcia*, 1999 ND 196, ¶¶ 7–8, 601 N.W.2d 260 (noting "the notice-of-claim requirements of N.D.C.C. § 32–12.2–04(1) implicate a court's subject matter jurisdiction" and upholding summary judgment dismissal of the plaintiff's claims because she failed to present a notice of claim).

[¶ 10] Under exhaustion of remedies theory, an employee generally must pursue available administrative remedies prior to suing for damages. *Long v. Samson*, 1997 ND 174, ¶ 9, 568 N.W.2d 602. This allows the organization to minimize or eliminate any monetary injury to a person, enables the organization to use its expertise to resolve the issues, and promotes judicial efficiency by "unearthing the relevant evidence" and providing a record for judicial review. *Id.*

[¶ 11] Applying N.D.C.C. § 32–12.2–04(1) and requiring exhaustion of remedies are not inconsistent.[1] To comply with both, a person must present the requisite notice and pursue administrative remedies.

1. Other jurisdictions have held the failure to satisfy a notice of claim statute while pursuing administrative remedies barred a plaintiff's claim. *See, e.g., Lloyd v. State Personnel Bd.*, 710 P.2d 1177, 1179 (Colo.App.1985) (concluding the plaintiff's tort claim was barred where the plaintiff exhausted administrative remedies but failed to comply with the notice of claim statute); *Ruh v. Samerjan*, 816 F.Supp. 1326, 1328, 1330 (E.D.Wis.1993) (applying Wisconsin law and noting the plaintiff's claims against university employees were flawed where the plaintiff pursued some administrative remedies but failed to comply with the notice of claim statute).

*See Long v. Samson,* 1997 ND 174, ¶¶ 9, 15, 568 N.W.2d 602 (upholding dismissal because the plaintiff's failure to exhaust administrative remedies precluded the court from exercising jurisdiction); *Messiha v. State,* 1998 ND 149, ¶¶ 21–22, 583 N.W.2d 385, (reasoning a notice of claim requirement similar to N.D.C.C. § 32–12.2–04(1)'s requirement was "mandatory and the failure to present the claim within that time precluded a tort claim against the [state]" and holding the trial court's dismissal of the plaintiff's claims was proper because the plaintiff failed to satisfy N.D.C.C. § 32–12.2–04(1)). Section 32–12.2–04(1), N.D.C.C., merely requires a person to give notice of a claim against the state; it does not require the person to file suit. If the administrative process resolves the person's grievances, resort to the courts is unnecessary. *Soentgen v. Quain & Ramstad Clinic, P.C.,* 467 N.W.2d 73, 82 (N.D.1991). If the administrative process does not resolve the person's grievances, the person may then file a legal action. *Id.*

[¶ 12] Cooke argues presenting a notice of claim before or while internal grievance procedures are conducted would undermine the administrative process's objective of attempting to work together towards a just and proper resolution of the conflict. We disagree. As UND points out, an organization providing internal grievance procedures is fully aware of the potential for a lawsuit. Further, because N.D.C.C. § 32–12.2–04(1) requires a claimant to present a notice of claim regardless of whether a lawsuit is eventually brought, an organization should interpret a person's presenting a notice of claim as merely safeguarding the person's rights.

[¶ 13] Here, Cooke failed to satisfy N.D.C.C. § 32–12.2–04(1)'s notice of claim requirement because her alleged injury, the allegedly discriminatory appointment, was discovered more than 180 days before her attorney presented notice. Cooke argues her injury did not "crystalize" until

after the director of the Affirmative Action Office rejected her claim. Cooke's argument suggests the administrative process's outcome caused the alleged injury. Where an employee files a grievance, seeking review of a proposed termination decision and the employee remains employed pending the outcome of the administrative appeal, the administrative process could completely avoid any injury by never displacing the employee. However, because we are not faced with such a scenario, we need not decide whether affirmation of a proposed termination could be the cause of an injury. Where an employee files a grievance for nonpromotion and another person has been advanced to the position the employee seeks, the injury has definitely occurred. We accordingly hold the outcome of the administrative process cannot be the cause of Cooke's alleged injury. Rather, her alleged injury occurred when UND decided to appoint someone other than her. On June 1, 1998, UND appointed someone other than Cooke as director. Cooke learned of the appointment the next day. However, Cooke's attorney did not send the notice of claim to the Office of Management and Budget until February 26, 1999.[2]

### III

[¶ 14] We hold N.D.C.C. § 32–12.2–04(1)'s notice of claim requirement and exhaustion of remedies requirement are consistent and a party may be required to comply with both. Because Cooke failed to comply with N.D.C.C. § 32–12.2–04(1) and the district court therefore lacked subject matter jurisdiction, we affirm the dismissal of her complaint.

[¶ 15] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, JJ., concur.

---

2. Because we conclude the notice of claim sent by Cooke's attorney was untimely, we

need not reach UND's assertion the notice of claim was substantively defective.