2000 ND 63

**Dr. John ROE, Petitioner,**

v.

**The Honorable Cynthia A. ROTHE-SEEGER, Judge of the District Court, East Central Judicial District, Jane Doe and Midwest Medical Insurance Company, Respondents.**

No. 990344.

Supreme Court of North Dakota.

March 27, 2000.

Joel A. Flom, of Jeffries, Olson, Flom & Donarski, PA, Moorhead, MN, for petitioner.

John P. Dosland, West Fargo, N.D., for respondent Jane Doe, and Richard J. Thomas, of Burke & Thomas, St. Paul, MN, for respondent Midwest Medical Insurance Company.

NEUMANN, Justice.

[¶ 1] Dr. John Roe (a pseudonym) has petitioned this Court for a supervisory writ directing the district court to vacate its order granting Midwest Medical Insurance Company's ("Midwest") motion to intervene in Jane Doe's (a pseudonym) medical malpractice action against Roe. We conclude this is not an appropriate case in which to exercise our supervisory jurisdiction, and we deny the petition.

[¶ 2] Doe brought a malpractice action against Roe, alleging Roe negligently prescribed the wrong medication, negligently failed to refer her to a psychiatrist, and negligently handled the phenomenon of patient transference. While Doe's action was pending, Midwest, which is Roe's medical malpractice insurer, brought a declaratory judgment action, requesting the trial court to declare it had no duty to indemnify Roe for liability upon Doe's claim for negligently handling patient transference. The trial court entered a summary judgment declaring Midwest had a duty to defend and indemnify on all Doe's claims. On appeal, we concluded "it was inappropriate for the court to grant declaratory relief under N.D.C.C. Ch. 32–23, because Midwest has conceded the duty to defend and obligation to indemnify for some counts in the underlying litigation," and vacated the summary declaratory judgment. *Midwest Med. Ins. Co. v. Doe*, 1999 ND 17, ¶ 12, 589 N.W.2d 581.

[¶ 3] Midwest then moved to intervene in Doe's action against Roe or to consolidate Doe's action with Midwest's declaratory judgment action. On July 16, 1999, the district court issued an order denying the motion to consolidate the cases and

granting Midwest's motion to intervene, "limited to the issue of whether the sexual relationship between Dr. Roe and Doe arose from negligent or intentional conduct." The court ruled "[t]he jury's factual findings on all issues in the malpractice action shall be binding upon these parties in the subsequent declaratory judgment action to resolve the coverage dispute." The trial court determined "pre-trial and trial procedures exist which can and will resolve the potential problems, if and when they develop" as a result of Midwest's intervention.

[¶ 4] Roe filed a notice of appeal and an alternative petition for a supervisory writ directing the district court to vacate its order allowing Midwest to intervene. We dismissed the appeal because the intervention order was not appealable, and we now deny the supervisory writ.

[¶ 5] Our authority to issue supervisory writs derives from N.D. Const. art. VI, § 2, and N.D.C.C. § 27–02–04. *Dimond v. State Bd. of Higher Educ.*, 1999 ND 228, ¶ 19, 603 N.W.2d 66. The authority to issue supervisory writs is discretionary; it cannot be invoked as a matter of right. *Trinity Med. Ctr. v. Holum*, 544 N.W.2d 148, 151 (N.D.1996); *Odden v. O'Keefe*, 450 N.W.2d 707, 708 (N.D.1990). This Court determines whether it should exercise its original jurisdiction to issue remedial writs on a case-by-case basis. *Heartview Found. v. Glaser*, 361 N.W.2d 232, 234 (N.D.1985); *Marmon v. Hodny*, 287 N.W.2d 470, 474 (N.D.1980). Courts generally will not exercise supervisory jurisdiction "where the proper remedy is an appeal merely because the appeal may involve an increase of expenses or an inconvenient delay." *Fibelstad v. Glaser*, 497 N.W.2d 425, 429 (N.D.1993). We exercise our authority to issue supervisory writs rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy. *State ex rel. v. Hagerty*, 1998 ND 122, ¶ 6, 580 N.W.2d 139.

[¶ 6] Roe argues Midwest "has a duty to act in good faith and protect the interests of its insured;" Midwest "seeks to inject additional, unrelated issues ... about the determination of insurance coverage" which "would irreparably prejudice the defense of Dr. Roe" and tend to confuse and mislead the jury. Roe argues Midwest's intervention will result in additional discovery, and disclosure he has insurance will compromise the impartiality of the jury. Roe argues Midwest's intervention "will subject Dr. Roe to great harm, as it will be assisting the Plaintiff in attempting to place fault on Dr. Roe. This undoubtedly will lead to a bad faith claim and a subsequent lawsuit."

[¶ 7] Midwest's intervention may possibly inject additional issues, prejudice Roe's defense, result in additional discovery, lead to jury confusion, or allow Midwest to assist Doe in placing fault on Roe. However, we are not persuaded any harm to Roe that might flow from Midwest's intervention is incapable of being remedied in an appeal from an adverse judgment. We are not convinced, on the record before us, that this is an extraordinary case in which there is no adequate alternative remedy, requiring us to exercise our supervisory jurisdiction and issue a supervisory writ to prevent injustice.

[¶ 8] We conclude this is not an appropriate case in which to exercise our supervisory jurisdiction, and we deny the petition.

[¶ 9] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, J., BRUCE B. HASKELL, D.J., JOHN C. McCLINTOCK, Jr., D.J., concur.

[¶ 10] BRUCE B. HASKELL, D.J., and JOHN C. McCLINTOCK, Jr., D.J., sitting in place of MARY MUEHLEN MARING, J., and CAROL RONNING KAPSNER, J., disqualified.