2001 ND 14

STATE of North Dakota, North Dakota Department of Corrections and Rehabilitation, Petitioner,

v.

The Honorable Bruce B. HASKELL, Judge of the District Court, South Central Judicial District, and Julie Smith, Respondents.

No. 20000214.

Supreme Court of North Dakota.

Jan. 30, 2001.

Tag C. Anderson, Assistant Attorney General, Attorney General's Office, Bismarck, ND, for petitioner.

Charles R. Isakson, Chapman and Chapman, Bismarck, ND, for respondent Julie Smith.

MARING, Justice.

[¶ 1] The State of North Dakota, by the North Dakota Department of Corrections and Rehabilitation ("the State"), has petitioned this Court for a supervisory writ directing the trial court to vacate its June 19, 2000, order denying the State's motion to dismiss Julie Smith's complaint for lack of subject matter jurisdiction. We conclude this is an appropriate case in which to exercise our supervisory jurisdiction, and we grant the petition.

[¶ 2] Julie Smith ("Smith") sued the State, alleging she had been wrongfully terminated as an addiction counselor by the State, in violation of the North Dakota Human Rights Act, ch. 14–02.4, N.D.C.C.,

and the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"). The State moved to dismiss the complaint, alleging the trial court lacked subject matter jurisdiction because Smith "failed to file a notice of claim as required by N.D.C.C. § 32–12.2–04(1) and because the State of North Dakota cannot be sued by a private party litigant under the ADA without the State's express consent."

[¶ 3] On June 19, 2000, the trial court issued an order denying the State's motion, holding "the definitions contained in § 14–02.4–02(5) and (11), N.D.C.C. make it clear that the State is subject to an action under the chapter; and § 14–02.4–19, N.D.C.C. governs the time and manner of bringing such an action."[1] The State petitioned for a supervisory writ directing the trial court to vacate its order.

■ [¶ 4] This Court's authority to issue supervisory writs under N.D. Const. art. VI, § 2, and N.D.C.C. § 27–02–04 is a discretionary authority we exercise on a case-by-case basis, rarely and cautiously, and only to rectify errors and prevent injustice in extraordinary cases in which there is no adequate alternative remedy. *E.g., Roe v. Rothe–Seeger,* 2000 ND 63, ¶ 5, 608 N.W.2d 289; *Dimond v. State Bd. of Higher Educ.,* 1999 ND 228, ¶ 19, 603 N.W.2d 66; *State ex rel. Heitkamp v. Hagerty,* 1998 ND 122, ¶ 6, 580 N.W.2d 139; *Traynor v. Leclerc,* 1997 ND 47, ¶ 6, 561 N.W.2d 644; *North Dakota Comm'n on Med. Competency v. Racek,* 527 N.W.2d 262, 264 (N.D.1995). Here, the case is extraordinary, the trial court erred, and the State has no adequate alternative remedy, because the denial of a motion to dismiss is not appealable. We, therefore, conclude this is an appropriate case in which to exercise our supervisory jurisdiction.

[¶ 5] Section 32–12.2–04, N.D.C.C., provides, in part:

1. A person bringing a claim against the state or a state employee for an injury shall present to the director of the office of management and budget within one hundred eighty days after the alleged injury is discovered or reasonably should have been discovered a written notice stating the time, place, and circumstances of the injury, the names of any state employees known to be involved, and the amount of compensation or other relief demanded....

5. A person bringing a legal action against the state or a state employee for a claim shall deliver a copy of the summons, complaint, or other legal pleading in which the claim is first asserted in the action to the director of the office of management and budget at the time the summons, complaint, or other legal pleading is served in the action. This provision is in addition to any applicable rule of civil procedure.

Section 32–12.2–01, N.D.C.C., provides, in part:

As used in this chapter, unless the context otherwise requires:

1. "Claim" means any claim for money damages brought against the state or a state employee for an injury caused by the state or a state employee acting within the scope of the employee's employment whether in the state or outside the state.

2. "Injury" means personal injury, death, or property damage.

3. "Occurrence" means an accident, including continuous or repeated exposure to a condition, which results in an injury.

4. "Personal injury" includes bodily injury, mental injury, sickness or disease sustained by a person and

---

1. On July 17, 2000, the trial court issued an order dismissing Smith's ADA claims. We note the United States Court of Appeals for the Eighth Circuit has ruled the ADA does not extend to states. *Anderson v. North Dakota State Hospital,* 232 F.3d 634 (8th Cir.2000).

injury to a person's rights or reputation.

5. "Property damage" includes injury to or destruction of tangible or intangible property.

[¶ 6] Smith did not present the notice required by N.D.C.C. § 32–12.2–04. The trial court ruled the matter is governed by N.D.C.C. ch. 14–02.4, and denied the State's motion to dismiss. We have previously addressed notice-of-claim requirements. In *Messiha v. State*, 1998 ND 149, 583 N.W.2d 385, we upheld the trial court's dismissal of a university professor's contract claims arising out of his termination by the University of North Dakota for failing to present a written claim, as required by N.D.C.C. § 32–12–03. We rejected Messiha's "argument that an administrative appeal satisfies the statutory requirement for presentment of a written claim for money." *Messiha*, 583 N.W.2d 385, 1998 ND 149, ¶ 18. *See also Livingood v. Meece*, 477 N.W.2d 183 (N.D.1991).

[¶ 7] In *Dimond v. State Bd. of Higher Educ.*, 1999 ND 228, ¶ 20, 603 N.W.2d 66, we again held a university professor's failure to comply with the claim presentment requirement of N.D.C.C. § 32–12–03 rendered the trial court without jurisdiction over the professor's claim for breach of contract in his action against the State. We also held any possible tort claim Dimond may have had was barred for failing to present notice of his tort claim within the time allowed by N.D.C.C. § 32–12.2–04(1). *Dimond*, at ¶ 25.

[¶ 8] In *Cooke v. University of North Dakota*, 1999 ND 238, ¶ 5, 603 N.W.2d 504, Paula Cooke sued UND, alleging it violated her rights under the North Dakota Human Rights Act by failing to appoint her Director of Aerospace Network because of her marital status. The trial court dismissed Cooke's complaint for lack of jurisdiction because Cooke failed to present a notice of claim, as required by N.D.C.C. § 32–12.2–04(1). We said N.D.C.C. § 32–12.2–04(1) "encourages prompt investigation[2] while evidence is still fresh; repair of any dangerous condition; quick and fair settlement of meritorious claims; and preparation of fiscal planning to meet possible liability." *Cooke*, 603 N.W.2d 504, 1999 ND 238, at ¶ 7. "If a person suing the state fails to satisfy N.D.C.C. § 32–12.2–04(1)'s notice of claim requirement, dismissal of the person's complaint is proper." *Id.* at ¶ 9. "Applying N.D.C.C. § 32–12.2–04(1) and requiring exhaustion of remedies are not inconsistent." *Id.* at ¶ 11. We held: "Because Cooke failed to comply with N.D.C.C. § 32–12.2–04(1) and the district court therefore lacked subject matter jurisdiction, we affirm the dismissal of her complaint." *Id.* at ¶ 14.

[¶ 9] Smith argues *Cooke v. University of North Dakota*, 1999 ND 238, 603 N.W.2d 504, is distinguishable "in that Smith seeks relief specifically authorized by the provisions of the North Dakota Human Rights Act, at least to the extent that back pay and reasonable attorneys fees are so identified," and "by reason of the fact that such case involved an administrative grievance procedure, as opposed to Smith's administrative involvement with the North Dakota Department of Labor and the U.S. Equal Employment Opportunity Commission." Section 14–02.4–20, N.D.C.C., authorizes a wider range of relief than just money damages, including "injunctions, equitable relief, and backpay," together with a possible discretionary award of attorney fees to a prevailing party. We need not address what, if any, effect the notice of claim statute may have when such relief, other than money damages, is sought, because Smith has not specified any relief sought other than money damages for lost income, damage to her reputation and attorney's fees. Smith's complaint therefore, seeks only money

**2.** As we recognized in *Messiha v. State,* 1998 ND 149, ¶ 17, 583 N.W.2d 385, one purpose of such a notice statute is to inform administrators of the amount of a claim so they have an opportunity to investigate and determine if it should be paid or disputed.

damages for the very kind of claim for which N.D.C.C. § 32–12.2–04 requires a person to present a notice to the director of the office of management and budget within 180 days. Under Ch. 32–12.2, injury includes personal injury, which is defined as including "... injury to a person's rights or reputation." N.D.C.C. § 32–12.2–01(2) and (4). The potential relief in *Cooke* and in this case are similar. The administrative processes involved in this case and in *Cooke* in the exhaustion of the claimants' remedies are not inconsistent with application of the notice-of-claim requirement of N.D.C.C. § 32–12.2–04. We are not persuaded any distinctions between *Cooke* and this case warrant any difference in treatment. In accordance with *Cooke,* we conclude Smith's failure to present a claim in compliance with N.D.C.C. § 32–12.2–04 for the money damages she sought rendered the trial court without jurisdiction, and the court erred in refusing to grant the State's motion to dismiss.

[¶ 10] We hold the trial court lacked jurisdiction and erred as a matter of law in denying the State's motion to dismiss Smith's complaint. The State has no other adequate remedy to avoid having to defend a suit over which the trial court lacks subject matter jurisdiction. We, therefore, exercise our supervisory authority and direct the trial court to vacate its order denying the State's motion to dismiss and to enter an order dismissing Smith's complaint.

[¶ 11] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, DALE V. SANDSTROM, CAROL RONNING KAPSNER, JJ., concur.