2001 ND 93

**Arthur SCHUCK, Plaintiff and Appellant,**

v.

**MONTEFIORE PUBLIC SCHOOL DISTRICT NO. 1, Defendant and Appellee.**

**No. 20000299.**

Supreme Court of North Dakota.

May 22, 2001.

Kent M. Morrow, Severin, Ringsak & Morrow, Bismarck, ND, for plaintiff and appellant.

David E. Reich (argued), and Gary R. Thune (on brief), Pearce & Durick, Bismarck, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶1] Arthur Schuck appealed the district court's order for summary judgment dismissing his claims of breach of contract and wrongful discharge in violation of N.D.C.C. § 15–47–38.[1] The district court found Schuck voluntarily resigned his position without exhausting available administrative remedies. Therefore, the district court held it lacked jurisdiction to hear Schuck's claims and granted summary judgment in favor of the Montefiore Public School District. We affirm.

I

[¶2] Arthur Schuck was employed by the Montefiore Public School District ("District") as an industrial arts teacher. He also served as the sophomore class advisor and head football coach for the District. On Saturday, May 1, 1999, Schuck drove a school bus owned by the District to Bismarck for a class project. Schuck was not insured to transport students and had not made arrangements with the superintendent to use the bus. Schuck was not insured to transport students in the bus because he did not attend

a mandatory safety workshop, he elected to be excluded from mandatory random drug and alcohol testing, and he failed to submit to a mandatory physical examination.

[¶3] On Monday, May 3, 1999, the business manager of the school made a formal complaint to Principal Norris against Schuck for driving a bus without permission and without being qualified. The business manager had observed Schuck driving the bus on Saturday. Superintendent Kramer and Principal Norris met with Schuck that afternoon. Schuck acknowledged he drove the bus on Saturday. Superintendent Kramer stated he told Schuck this was a serious action and he planned to recommend to the school board Schuck be dismissed. Principal Norris also reported Superintendent Kramer said at the meeting he planned to recommend dismissal to the school board. Schuck claims Superintendent Kramer told him he was fired or terminated immediately.

[¶4] On May 5 the school board met. At the meeting, the school board agreed to contemplate discharging Schuck, scheduled a discharge hearing on May 17, 1999, and mailed a notice to Schuck in accordance with N.D.C.C. § 15–47–38. Superintendent Kramer called Schuck the same day and discussed the possibility of Schuck's resignation as an alternative to going through the discharge hearing and whether the District would pay the balance of Schuck's contract if he resigned.

[¶5] Schuck submitted his letter of resignation to Superintendent Kramer on May 6 and received his final check. The

---

1. Although the order itself is not appealable, we have held that an attempted appeal from an order or memorandum decision will be treated as an appeal from a subsequently entered consistent judgment, if one exists.

*Zueger v. Carlson,* 542 N.W.2d 92, 94 n. 2 (N.D.1996). The record contains a subsequent judgment. The judgment is consistent with the order; therefore, we treat the appeal as being from the judgment.

school board accepted his resignation on May 6. On May 7, Schuck received the notice of discharge hearing from the school board. Schuck conceded at oral argument he was not aware the school board had accepted his resignation when he received the notice of the hearing. Schuck did not pursue the hearing. Five months later, Schuck issued a complaint against the District alleging breach of contract and wrongful discharge. The district court summarily dismissed the complaint, holding it lacked jurisdiction because Schuck failed to exhaust his administrative remedies.

## II

■ [¶ 6] Summary judgment is a procedural device for the prompt and expeditious disposition of a controversy without a trial. *Jones v. Barnett,* 2000 ND 207, ¶ 4, 619 N.W.2d 490. Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.D.R.Civ.P. 56(c). However, the evidence must be viewed in the light most favorable to the party opposing the motion, who must be given the benefit of all favorable inferences which can reasonably be drawn from the evidence. *Mandan Educ. Ass'n v. Mandan Public School Dist. No. 1,* 2000 ND 92, ¶ 6, 610 N.W.2d 64. The party opposing summary judgment cannot simply rely on factual assertions in a brief or pleadings and cannot rely on unsupported allegations; such conclusory assertions are insufficient to raise an issue of material fact. *Jones,* 2000 ND 207, ¶ 5, 619 N.W.2d 490. Factual issues become appropriate for summary judgment "when reasonable minds can draw but one conclusion from the evidence." *Opp v. Source One Mgmt., Inc.,* 1999 ND 52, ¶ 16, 591 N.W.2d 101. Whether the trial judge properly granted summary judgment is a question of law and is reviewed de novo. *Garofalo v. St. Joseph's Hosp.,* 2000 ND 149, ¶ 6, 615 N.W.2d 160.

## III

[4] [¶ 7] Schuck argues the district court erred in granting the summary judgment because genuine issues of material fact exist. But, the facts in dispute are not material to the trial court's granting the summary dismissal based on a lack of jurisdiction. Schuck and the District do not dispute Schuck resigned and did not take the action necessary under N.D.C.C. § 15–47–38(2) to pursue a discharge hearing; therefore Schuck did not exhaust his available administrative remedies.

■ [¶ 8] We have consistently required employees to exhaust available administrative remedies prior to pursuing a claim in court. *Cooke v. University of North Dakota,* 1999 ND 238, ¶ 14, 603 N.W.2d 504; *Tracy v. Central Cass Public School Dist.,* 1998 ND 12, ¶ 15, 574 N.W.2d 781; *Long v. Samson,* 1997 ND 174, ¶ 11, 568 N.W.2d 602; *Thompson v. Peterson,* 546 N.W.2d 856, 861 (N.D.1996); *Soentgen v. Quain & Ramstad Clinic, P.C.,* 467 N.W.2d 73, 83–84 (N.D.1991). This requirement allows the organization to minimize or eliminate any monetary injury to a person, enables the organization to use its expertise to resolve the issues, and promotes judicial efficiency by "unearthing the relevant evidence" and providing a record for judicial review. *Cooke,* 1999 ND 238, ¶ 10, 603 N.W.2d 504.

■ [¶ 9] The purpose of requiring exhaustion of remedies has its basis in the separation of powers doctrine. *Tracy,* 1998 ND 12, ¶ 14, 574 N.W.2d 781. In *Soentgen,* 467 N.W.2d at 82, we stated the rationale for requiring a party to exhaust

available administrative remedies before suing for damages:

> [A]n exhaustion of remedies requirement serves the salutary function of eliminating or mitigating damages. If an organization is given the opportunity quickly to determine through the operation of its internal procedures that it has committed error, it may be able to minimize, and sometimes eliminate, any monetary injury to the plaintiff by immediately reversing its initial decision and affording the aggrieved party all membership rights; an individual should not be permitted to increase damages by foregoing available internal remedies.
>
> Moreover, by insisting upon exhaustion even in these circumstances, courts accord recognition to the "expertise" of the organization's quasi-judicial tribunal, permitting it to adjudicate the merits of the plaintiff's claim in the first instance. Finally, even if the absence of an internal damage remedy makes ultimate resort to the courts inevitable, the prior administrative proceeding will still promote judicial efficiency by unearthing the relevant evidence and by providing a record which the court may review.

(quoting *Westlake Community Hosp. v. Superior Court of Los Angeles Cty.*, 17 Cal.3d 465, 131 Cal.Rptr. 90, 551 P.2d 410, 416 (1976) (citations omitted))

[¶ 10] The trial court correctly dismissed Schuck's claims for lack of jurisdiction because Schuck had failed to exhaust his available administrative remedies prior to pursuing his claim in court.

## IV

[¶ 11] Schuck maintains he should be excused from the requirement to exhaust administrative remedies because, since he had already been discharged, pursuing the hearing was futile. Schuck's argument appears to be that the issue of futility is a question of fact. But that argument fails because, as a matter of law, it is the school board, and not the superintendent, which has the authority to discharge teachers. N.D.C.C. § 15–47–38(2). The superintendent is entitled by statute to be present at the hearing on the contemplated discharge, but does not make the decision. *Id.* The statute does not allow the school board to delegate its duties under N.D.C.C. § 15–47–38(2) to the superintendent. Nor, despite Schuck's contention that he was fired or terminated immediately by Superintendent Kramer, is there any evidence in the record that the procedures in N.D.C.C. § 15–47–38(3) were followed to dismiss Schuck immediately, or that Schuck was suspended immediately by unanimous vote of the school board as allowed in N.D.C.C. § 15–47–38(4). There is no evidence in the record that Schuck had any contact with the school board. As a matter of law, Schuck was not and could not have been discharged from his teaching position even under Schuck's view of the facts.

[¶ 12] Shuck alternatively argues he should be excused from the requirement to exhaust administrative remedies because he had resigned and pursuing the hearing was futile. Schuck also contends he should be excused from the requirement to exhaust administrative remedies because his resignation was not an effective waiver of his rights to a discharge hearing. In this second argument, Schuck confuses resignation with waiver of rights. Schuck waived his rights to a discharge hearing by failing to request the hearing, not by resigning. Schuck and the District do not dispute Schuck did not request a hearing at any time. Therefore, the only remaining significance of his resignation is whether it made the request for a hearing futile.

[¶ 13] Schuck claims "[i]t is also impossible to believe that the School would have

permitted Schuck to have the discharge hearing after they had accepted his resignation." However, the school board had scheduled a hearing, and Schuck conceded at oral argument he was not aware of the District's acceptance of his resignation at the time he received the letter notifying him of the discharge hearing. Schuck took no action to pursue the discharge hearing. Because Schuck never requested a discharge hearing, the school board did not have the opportunity to grant the hearing. Schuck's failure to take the action necessary to pursue the hearing obviates his argument.

[¶14] In *Long,* 1997 ND 174, 568 N.W.2d 602, the employee also argued exhaustion of his administrative remedies was futile. Long was terminated from his position as an assistant professor at University of North Dakota School of Medicine. *Id.* at ¶2. Long did not exhaust his administrative remedies; instead, he sued for breach of contract and tort claims. *Id.* at ¶3. We rejected Long's argument of futility stating "[a]dministrative resolution of Long's nonrenewal may have eliminated or mitigated damages and developed a record to sharpen issues and avoid judicial proceedings." *Id.* at ¶13. We affirmed the district court's dismissal of Long's action, on the basis his failure to exhaust administrative remedies required dismissal of his lawsuit. *Id.* at ¶¶14–15.

[¶15] In *Tracy,* 1998 ND 12, ¶13, 574 N.W.2d 781, we stated when appellate processes are available and the remedies will provide adequate relief those remedies must be exhausted before seeking judicial remedies, unless exhaustion would be futile. Similar to Schuck in this case, the teacher in *Tracy* turned to the courts to correct a situation he did not attempt to cure at the outset. *Id.* at ¶12. Tracy, a teacher who had let his certification lapse, requested recommendations for re-certification from the superintendent and principal of Central Cass County School. *Id.* at ¶3. Both checked the "I do not recommend" box on the recommendation form. *Id.* Instead of requesting recommendations from the school board or a hearing before the Education Standards and Practices Board, Tracy resigned. *Id.* at ¶4. Tracy sued the Central Cass Public School District claiming tortious interference with his contract. *Id.* at ¶5. We concluded the district court correctly dismissed Tracy's claim for lack of subject matter jurisdiction because Tracy failed to exhaust his administrative remedies. *Id.* at ¶15.

[¶16] Schuck's claim is not the type of claim that dispenses with the exhaustion of administrative procedures requirement because exhaustion would be futile. Rather, this is just the kind of case that requires exhaustion of administrative remedies because of the need to resolve the issues at the earliest instance and to give the school board the opportunity to eliminate or mitigate damages.

.V

[¶17] Schuck contends the District's failure to advise him of his rights under N.D.C.C. § 15–47–38 relieves Schuck of his obligation to exhaust his administrative remedies. Section 15–47–38(2), N.D.C.C., delineates the notice requirements of a school board contemplating discharge of a teacher.

The school board of any school district contemplating discharging a teacher for cause prior to the expiration of the term of the teacher's contract shall notify the teacher in writing of that fact at least ten days prior to the date of contemplated discharge. The teacher must be informed in writing of the time and place for a special meeting of the school board to be held on the question of the teach-

er's discharge prior to a final decision on the matter. The teacher must also be informed in writing of the teacher's right to demand a specification of the reasons for discharge, which must, upon receipt of the demand of the teacher, be furnished not less than five days prior to the meeting to be held on the question of the teacher's discharge.

The District sent a letter to Schuck on May 5, notifying him they contemplated his discharge and informing him a special meeting would be held on May 17 at the school. The District also informed Schuck of his right to demand a specification of the reasons for discharge and to contest the charges. Schuck received the letter on May 7. Schuck did not demand specification of the reasons for discharge or pursue his right to contest the charges at a hearing. The District complied with the notice requirements of N.D.C.C. § 15–47–38.

[¶ 18] Schuck's failure to exhaust his administrative remedies is dispositive of this appeal, and we need not consider the District's other arguments for affirming the district court judgment.

[¶ 19] We affirm the judgment of the district court.

[¶ 20] CAROL RONNING KAPSNER DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., concur.