2017 ND 175

**Arjuna M. ZERR, Plaintiff
and Appellant**

v.

**NORTH DAKOTA WORKFORCE
SAFETY & INSURANCE,
Defendant and Appellee**

No. 20160314

Supreme Court of North Dakota.

Filed 7/12/2017

James R. Hoy (argued) and David S. Maring (on brief), Bismarck, N.D., for plaintiff and appellant.

Mitchell D. Armstrong (argued) and Sarah E. Kuntz (appeared), Bismarck, N.D., for defendant and appellee.

McEvers, Justice.

[¶ 1] Arjuna Zerr appeals from a judgment dismissing his action seeking declaratory relief against North Dakota Workforce Safety and Insurance ("WSI"). We conclude the district court did not err in dismissing his complaint based on a lack of subject matter jurisdiction because Zerr did not exhaust his statutory administrative remedies. We affirm.

I

[¶ 2] In September 2013, Zerr was severely burned in an explosion and fire at an oil well site in Mountrail County while working for Summit Oilfield Service, Inc. WSI accepted Zerr's claim and began providing him benefits, including temporary total disability benefits and medical treatment benefits.

[¶ 3] On May 5, 2015, WSI mailed Zerr a Notice of Intention to Discontinue/Reduce Benefits ("NOID") stating that he was noncompliant with vocational services for failing to perform several vocational rehabilitation requirements between November 2014 and April 2015. The NOID informed Zerr his weekly disability benefits would be discontinued on May 26, 2015, but also provided specific steps for him to become compliant with vocational services. The NOID states that if he felt the decision was incorrect, he should write to his claims adjuster within thirty days of the NOID's date to request reconsideration; and, further, that if a request for reconsideration was not received within thirty days, the decision would be final.

[¶ 4] It is undisputed Zerr received the NOID at his residence in California some time after May 5, 2015, but he alleged he did not immediately open the letter or otherwise respond until more than thirty days after the date of the letter due to his mental conditions. WSI subsequently discontinued Zerr's disability benefits as of May 26, 2015. Some months later, Zerr obtained legal counsel.

[¶ 5] On December 23, 2015, Zerr's attorney sent a letter to WSI stating that Zerr had been diagnosed with post traumatic stress disorder ("PTSD") and depression and that he avoids opening his mail and communicating with others as it causes flashbacks of the explosion. His attorney requested WSI reopen this matter and restart temporary total disability benefits to Zerr or, in the alternative, issue a second NOID so Zerr could appeal. On January 12, 2016, WSI sent Zerr's counsel a letter rejecting his "request for reconsideration" of its May 2015 decision because it was not received within the thirty-day appeal period under N.D.C.C. § 65-01-16. The January 2016 letter also stated WSI's decision was final.

[¶ 6] In May 2016, Zerr sued WSI for declaratory relief. He alleged that while he received the NOID sent to him in California by regular mail some time after May 5, 2015, he did not immediately open the NOID, respond to the NOID within thirty days, or seek to come back into compliance due to his mental conditions of PTSD and depression directly related to his work injuries. He alleged that he has a continuing need to receive temporary total disability benefits, that his right to continue receiving the benefits is a property right protected by due process, and that WSI violated his due process rights in terminating the benefits by not allowing him additional time to request reconsideration of the NOID or to come back into compliance. He

requested reinstatement of temporary total disability benefits and a lump-sum payment of the benefits he should have received since the termination.

[¶ 7] In June 2016, WSI moved to dismiss Zerr's complaint under N.D.R.Civ.P. 12(b)(1) and (6), asserting a lack of subject matter jurisdiction and a failure to state a claim upon which relief could be granted. Zerr opposed WSI's motion. The district court granted WSI's motion, concluding as a matter of law that Zerr received proper notice of WSI's intent to terminate his benefits and WSI had not violated his due process rights. The court also concluded Zerr had not exhausted administrative remedies.

## II

[¶ 8] Zerr argues the district court erred in ruling as a matter of law that his complaint failed to state a claim for relief. He contends the district court had subject matter jurisdiction either because he exhausted his administrative remedies or WSI foreclosed him from doing so.

[¶ 9] Chapter 32-23, N.D.C.C., authorizes courts to issue declaratory judgments, and we review declaratory judgment actions under the same standards as other cases. N.D.C.C. § 32-23-07; *Nationwide Mut. Ins. Cos. v. Lagodinski*, 2004 ND 147, ¶ 7, 683 N.W.2d 903. Under N.D.C.C. § 32-23-02, "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and may obtain a declaration of rights, status, or other legal relations thereunder."

[¶ 10] We have long held that "[a] court's authority to grant declaratory relief, however, requires the exhaustion of administrative remedies." *Tooley v. Alm*, 515 N.W.2d 137, 139 (N.D. 1994). Dismissal for lack of subject matter jurisdiction under N.D.R.Civ.P. 12(b)(1) is appropriate when a plaintiff fails to exhaust administrative remedies. *Vogel v. Marathon Oil Co.*, 2016 ND 104, ¶ 7, 879 N.W.2d 471; *Thompson v. Peterson*, 546 N.W.2d 856, 861 (N.D. 1996). When the jurisdictional facts are not disputed, we will review a dismissal for lack of subject matter jurisdiction de novo on appeal. *Vogel*, at ¶ 7.

[¶ 11] "A motion to dismiss for failure to state a claim under N.D.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claim presented in the complaint." *Vogel*, 2016 ND 104, ¶ 8, 879 N.W.2d 471. "We review a dismissal under N.D.R.Civ.P. 12(b)(6) de novo on appeal." *Vogel*, at ¶ 8. "We construe the complaint in the light most favorable to the plaintiff and accept the well-pleaded allegations as true." *Id.*

## A

[¶ 12] "Ordinarily, a party must exhaust available administrative remedies before seeking declaratory or injunctive relief." *Robertson v. N.D. Workers Comp. Bureau*, 2000 ND 167, ¶ 13, 616 N.W.2d 844; *see also Frank v. Traynor*, 1999 ND 183, ¶ 13, 600 N.W.2d 516; *Johnson v. Traynor*, 1998 ND 115, ¶ 12, 579 N.W.2d 184; *Tooley*, 515 N.W.2d at 139. "The purpose of requiring exhaustion of remedies has its basis in the separation of powers doctrine." *Tracy v. Central Cass Pub. Sch. Dist.*, 1998 ND 12, ¶ 14, 574 N.W.2d 781. Requiring exhaustion "accord[s] recognition to the 'expertise' of the [administrative agency's] quasi-judicial tribunal, permitting it to adjudicate the merits of the plaintiff's claim in the first instance." *Brown v. State Bd. of Higher Educ.*, 2006 ND 60, ¶ 10, 711 N.W.2d 194 (quoting *Soentgen v. Quain & Ramstad Clinic, P.C.*, 467 N.W.2d 73, 82 (N.D.1991)). Requiring exhaustion also promotes judicial efficiency. *Id.*

[¶ 13] Therefore, "[w]hen appellate processes are available and the remedies will provide adequate relief, those remedies must be exhausted before seeking judicial remedies, unless exhaustion would be futile." *Brown*, 2006 ND 60, ¶ 8, 711 N.W.2d 194. In addition to futility, we will not require exhaustion of administrative remedies "when a legal question simply involves statutory interpretation and does not need the exercise of an agency's expertise in making factual decisions." *Medcenter One, Inc. v. N.D. State Bd. of Pharmacy*, 1997 ND 54, ¶ 12, 561 N.W.2d 634. We have also said requiring exhaustion depends on considerations "including whether the issues need the expertise of an administrative body, the interpretation of a statute, or the resolution of a pure question of law." *Id.*; *see also Lende v. N.D. Workers' Comp. Bureau*, 1997 ND 178, ¶ 23, 568 N.W.2d 755.

[¶ 14] Zerr claims he exhausted his administrative remedies or WSI foreclosed him from doing so. Zerr asserts his counsel, upon learning of his situation, submitted a letter to WSI requesting it to reopen the matter and reinstate his disability benefits, supported by his psychiatrist's report, or issue a second NOID to provide Zerr an opportunity to appeal the decision through an administrative process. WSI denied his requests, stating its decision was final. Zerr contends he was left with no choice but to bring his claim in district court because he was left without an administrative remedy at that point.

[¶ 15] Section 65-01-16, N.D.C.C., provides an administrative hearing and appeals process for disputing WSI decisions. Under N.D.C.C. §§ 65-01-16(3) and (4), after WSI issues a notice of decision by informal internal review, a party has thirty days from the day the notice of decision was mailed to file a written request for reconsideration. "Absent a timely and sufficient request for reconsideration, the notice of decision is final and may not be reheard or appealed." N.D.C.C. § 65-01-16(4). When a timely request for reconsideration is filed, WSI has sixty days after receipt to issue an administrative order. N.D.C.C. § 65-01-16(5). A claimant has thirty days from an administrative order to file a request for assistance from the decision review office or to file a written request for rehearing. *See* N.D.C.C. §§ 65-01-16(6), (7). Under N.D.C.C. §§ 65-01-16(8) and (9), a rehearing must be conducted under N.D.C.C. ch. 28-32, and a party may appeal a post-hearing administrative order to the district court under N.D.C.C. ch. 65-10. "Any notice of decision, administrative order, or posthearing administrative order is subject to review and reopening under section 65-05-04." N.D.C.C. § 65-01-16(10).

[¶ 16] Under N.D.C.C. § 65-05-03, WSI has "full power and authority to hear and determine all questions within its jurisdiction, and its decisions, except as provided in chapter 65-10, are final and are entitled to the same faith and credit as a judgment of a court of record." WSI also retains statutory authority to exercise continuing jurisdiction to reopen and review claims under N.D.C.C. § 65-05-04. *See Carlson v. Workforce Safety & Ins.*, 2012 ND 203, ¶ 14, 821 N.W.2d 760. Section 65-05-04, N.D.C.C., provides that WSI "at any time, on its own motion or on application, may review the award, and in accordance with the facts found on such review, may end, diminish, or increase the compensation previously awarded, or, if compensation has been refused or discontinued, may award compensation." This section also states, however, that "[t]here is no appeal from an organization decision not to reopen a claim after [WSI's] order on the claim has become final."

[¶ 17] Under the undisputed jurisdictional facts in this case, Zerr failed to meet the

mandated statutory time frames for requesting reconsideration or appealing WSI's final decision under N.D.C.C. § 65-01-16. Because Zerr had statutory administrative remedies that he failed to exhaust before bringing this action for declaratory relief in the district court, we conclude the district court did not err in dismissing his action as a matter of law based on lack of subject matter jurisdiction.

## B

[¶ 18] Zerr contends WSI denied him due process in terminating his benefits.

[¶ 19] Generally, "[t]he right to continuing disability benefits under the Workers Compensation Act is a property right protected by the due process clauses of the federal and state constitutions." *Rojas v. Workforce Safety & Ins.*, 2005 ND 147, ¶ 11, 703 N.W.2d 299. As such, we have said WSI must provide a claimant notice of the contemplated action and a meaningful pretermination opportunity to respond before terminating ongoing disability benefits. *Id.* A pretermination procedure must include, "at a minimum, pretermination notice of the contemplated action, a summary of the evidence supporting the proposed termination, and a pretermination opportunity to respond in writing to the alleged grounds for termination." *Id.* (quoting *Stewart v. N.D. Workers Comp. Bureau*, 1999 ND 174, ¶ 12, 599 N.W.2d 280). We concluded in *Rojas* that "WSI's termination of Rojas's ongoing disability benefits when he had not received any prior notice or opportunity to respond violated due process." *Id.* at ¶ 16.

[¶ 20] Relying on *Rojas*, 2005 ND 147, 703 N.W.2d 299, Zerr contends declaratory relief is appropriate because his due process rights were violated when WSI's NOID failed to provide him "actual notice" of his right to appeal its decision to

terminate his temporary total disability benefits until after WSI terminated his benefits and the thirty-day period had passed. Zerr argues the district court erred in dismissing his argument that his medical condition, *i.e.*, his diagnosed PTSD and depression related to the explosion and fire, created his inability to open his mail at that time. He contends the court should have given him an opportunity to present facts to rebut the presumption under N.D.C.C. § 31-11-03(24), that "a letter duly directed and mailed was received in the regular course of the mail." *See also Rojas*, at ¶ 14 ("Sending the NOID to the claimant by regular mail under N.D.C.C. § 65-01-16 'is insufficient to guarantee due process when the presumption of receipt raised by [N.D.C.C. § 31-11-03(24)] is rebutted.'"). Zerr's reliance on *Rojas* is misplaced.

[¶ 21] The term "actual notice" is defined by statute. Section 1-01-23, N.D.C.C., states: "Actual notice shall consist in express information of a fact." It is undisputed that the information in the NOID provided information adequate to give Zerr pretermination notice of the contemplated action, a summary of the evidence supporting the proposed termination, and a pretermination opportunity to respond in writing. "Where the law prescribes a written notice as a method of giving information, the receipt of a letter containing the information is conclusive proof of knowledge of the purpose thereof." *Brown v. Otesa*, 80 N.W.2d 92, 99 (N.D. 1956). "Whether as a matter of fact the recipient reads or takes notice of the letter makes no difference, because the notice contemplated has been given." *Id.*

[¶ 22] Unlike in *Rojas*, here Zerr admitted receiving the NOID. We conclude as a matter of law that Zerr received actual notice. We decline to expand the scope of our due process holding in *Rojas* to include a claimant's refusal or claimed inability to

open a timely mailed and actually received NOID.

[¶ 23] We conclude Zerr failed to exhaust his statutory administrative remedies and the district court did not err in dismissing the action based on lack of subject matter jurisdiction. We further conclude that not opening mail received is not equivalent to not receiving mail and that the district court did not err in dismissing the action for failure to state a claim for relief.

### III

[¶ 24] We have considered Zerr's remaining arguments and find them unnecessary to our decision or without merit. The judgment is affirmed.

[¶ 25] Lisa Fair McEvers

Carol Ronning Kapsner

Jerod E. Tufte

Daniel J. Crothers

Gerald W. VandeWalle, C.J.