# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2022 ND 12

Phillip D. Armstrong,                                              Plaintiff and Appellant

   v.

Lynn D. Helms, Director, Oil & Gas Division,

North Dakota Industrial Commission                        Defendant and Appellee

### No. 20210227

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Phillip D. Armstrong, self-represented, Minot, ND, plaintiff and appellant; submitted on brief.

Matthew A. Sagsveen, Assistant Attorney General, Bismarck, ND, for defendant and appellee; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Phillip Armstrong appeals from a judgment dismissing his amended complaint. The district court granted dismissal of the amended complaint after finding Armstrong had failed to exhaust his administrative remedies. The court did not rule on any of Armstrong's substantive claims. We conclude federal regulations do not preempt the application of N.D.C.C. ch. 38-08, Armstrong failed to exhaust his administrative remedies, and the court properly dismissed the action. We affirm the dismissal of Armstrong's amended complaint.

I

[¶2]   In 1996, Armstrong filed a surety bond with the North Dakota Industrial Commission when he became the operator of several oil wells on private land. In 2001, Armstrong also began operating wells on federal lands. Armstrong is currently engaged with federal authorities in formulating a reclamation plan for the federal lands. The wells are not producing oil and Armstrong has requested a release of his surety bond filed with the Commission. The Commission conditioned the release of the bond on Armstrong performing a geoprobe assessment of the wells, which Armstrong refused.

[¶3]   Armstrong filed a complaint in the district court seeking release of his bond. The State filed an answer and immediately moved for summary judgment asserting, in part, the action should be dismissed because Armstrong had failed to exhaust his administrative remedies. Armstrong responded with his own motion for summary judgment and opposed the State's motion for summary judgment. Armstrong's assertions in the district court included an argument that federal regulations preempted the application of N.D.C.C. ch. 38-08. Armstrong also moved to amend his complaint.

[¶4]   The district court granted Armstrong's motion to amend his complaint after finding the amendments did not impact its determination on the competing motions for summary judgment. The court concluded Armstrong's

claims were barred by his failure to exhaust his administrative remedies, rejected Armstrong's argument state law did not apply because of federal preemption, and entered a judgment dismissing the action.

[¶5] Armstrong filed a motion requesting the district court reconsider the dismissal of his action and filed a notice of appeal. This Court remanded the case to the district court for disposition of Armstrong's motion for reconsideration. On remand, the court found Armstrong's motion for reconsideration failed to state any legal or factual basis for relief from the judgment and the issues raised in the motion were more appropriate for the appeal.

[¶6] Armstrong argues that the powers of the Commission under his bond are limited to the production phase of oil, do not extend through the reclamation phase, and therefore there was no requirement for him to pursue administrative remedies. While he indicates in his briefing to this Court he is not asserting on appeal that state law is preempted by federal law, his substantive arguments included within his briefing assert he is not required to comply with both federal and state law.

II

[¶7] "Our decisions have also consistently required exhaustion of remedies before the appropriate administrative agency as a prerequisite to making a claim in court." *Thompson v. Peterson*, 546 N.W.2d 856, 861 (N.D. 1996) (citing references omitted). Dismissal for lack of subject matter jurisdiction is generally appropriate if the plaintiff failed to exhaust administrative remedies. *Vogel v. Marathon Oil Co.*, 2016 ND 104, ¶ 7, 879 N.W.2d 471 (citing reference omitted). Our review of the dismissal of an action for lack of subject-matter jurisdiction is de novo if the jurisdictional facts are not disputed. *Id.* (citing reference omitted).

[¶8] "The Act for the Control of Gas and Oil Resources, N.D.C.C. ch. 38-08, grants the Commission comprehensive powers to regulate oil and gas development in the state[.]" *Egeland v. Cont'l Res., Inc.*, 2000 ND 169, ¶ 11, 616 N.W.2d 861. Under N.D.C.C. § 38-08-04, the "commission has continuing

2

jurisdiction and authority over all persons and property, public and private, necessary to enforce effectively the provisions of this chapter." *Id.*

[¶9]   Under N.D.C.C. § 38-08-04(1)(a)(12), the Legislature has provided the Commission with the authority to require reclamation of oil wells. Under N.D.C.C. § 38-08-04(1)(b)(1), the Commission has been provided the authority to regulate the restoration of drilling and production sites. Through the adoption of administrative rules, "any person who proposes to drill a well for oil, gas, injection, or source well for use in enhanced recovery operations, shall submit to the commission, and obtain its approval, a surety bond or cash bond." N.D. Admin. Code § 43-02-03-15(1). The terms of those bonds are as follows:

> Bond terms. Bonds shall be conditioned upon full compliance with North Dakota Century Code chapter 38-08, and all administrative rules and orders of the commission. It shall be a plugging bond, as well as a drilling bond, and is to endure up to and including approved plugging of all oil, gas, and injection wells as well as dry holes. Approved plugging shall also include practical reclamation of the well site and appurtenances thereto. If the principal does not satisfy the bond's conditions, then the surety shall satisfy the conditions or forfeit to the commission the face value of the bond.

N.D. Admin. Code § 43-02-03-15(4).

[¶10] Section 38-08-11, N.D.C.C., provides a procedure for addressing matters under the jurisdiction of the Commission. The Commission may act either on its own motion or on the filing of a petition. N.D.C.C. § 38-08-11(4). Following the filing of a petition, the Commission shall hold a hearing and issue a decision. *Id.* A decision of the Commission may be appealed to the district court. N.D.C.C. § 38-08-14.

[¶11] The reclamation of oil wells is within the jurisdiction of the Commission. *See* N.D.C.C. §§ 38-08-04(1)(a)(12) and 38-08-04(1)(b)(1). The bond at issue was required by rules promulgated by the Commission. *See* N.D. Admin. Code § 43-02-03-15. Armstrong has an administrative remedy available to request a release of the bond. *See* N.D.C.C. § 38-08-11. We conclude Armstrong has failed

3

to exhaust his administrative remedies prior to initiating an action in the district court.

## III

[¶12] On appeal, Armstrong asserts he is not arguing that the state laws are preempted by the federal laws. However, he argues that he is not required to comply with both the federal regulations and state regulations for reclamation processes on the federal lands. Because application of federal law to the exclusion of state law would eliminate the need to exhaust state administrative remedies, we address Armstrong's assertion. We treat this argument as a preemption argument, and we consider whether the federal law preempts state law.

[¶13] Federal preemption of state laws occurs in three circumstances: express preemption, field preemption, and conflict preemption. *State ex rel. Stenehjem v. FreeEats.com, Inc.*, 2006 ND 84, ¶ 19, 712 N.W.2d 828. Preemption of state law is not favored, and there is an assumption that Congress did not intend to preempt state law. *Id.* at ¶ 20.

[¶14] In this case, the district court found there was no indication that Congress has preempted state laws regarding reclamation and bonding. Armstrong's argument does not appear to be that Congress completely occupies the field or has expressly stated it occupies the entire field, or that it is impossible for him to comply with both the state and federal regulations. Rather, his challenge appears to be against the cost associated with the assessment the State has requested to release his bond before the term expires, and that the assessment is not required by the federal plan and cannot be added by the State.

[¶15] The federal regulations expressly provide that if the state regulations are more stringent, the operator can comply with both the federal and state requirements by meeting the more stringent state requirement. *See, e.g.,* response to comments in *Onshore Oil and Gas Operations; Federal and Indian Oil and Gas Leases; Onshore Oil and Gas Order Number 1, Approval of Operations; Final Rule*, 72 Fed. Reg. 10,308, 10,311 (Mar. 7, 2007) ("The Order

4

only addresses Federal obligations for operations on Federal lands which may be distinct from state obligations or private surface owner agreements. The Order would only impact state law or private agreements to the extent that they conflict with Federal obligations. In addition, the Order does not negate or preempt other Federal, state, or local laws and/or ordinances."). It is possible for Armstrong to comply with both the federal laws and state laws, and the cost of any added state regulation is not relevant to deciding whether the state law is preempted. We conclude the state laws relating to reclamation and bonding are not preempted by federal law.

## IV

[¶16] The district court properly dismissed Armstrong's cause of action because he had failed to exhaust his available administrative remedies. The state laws relating to bonding and reclamation are not preempted by federal law. We affirm the district court's judgment dismissing Armstrong's claims.

[¶17] Jon J. Jensen, C.J.
   Gerald W. VandeWalle
   Daniel J. Crothers
   Lisa Fair McEvers
   Jerod E. Tufte