# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 38

Olympic Financial Group, Inc.
d/b/a OFG, Inc., a sole shareholder
Minnesota Corporation; and Abdulaziz
Sugule, the sole shareholder of
Olympic Financial Group, Inc.,                    Plaintiffs and Appellants

      v.

North Dakota Department of Financial
Institutions, an administrative agency
of the State of North Dakota,                     Defendant and Appellee

## No. 20210361

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

DISMISSED.

Opinion of the Court by Jensen, Chief Justice.

David C. Thompson, Grand Forks, ND, for plaintiffs and appellants.

Courtney R. Titus, Assistant Attorney General, Bismarck, ND, for defendant and appellee.

# Olympic Financial Group v. ND Dep't of Financial Institutions
## No. 20210361

**Jensen, Chief Justice.**

[¶1] Olympic Financial Group, Inc., ("Olympic Financial") and Abdulaziz Sugule appeal from a judgment dismissing their declaratory judgment action without prejudice after the district court granted the Department of Financial Institutions' ("Department") motion to dismiss. We conclude the court lacked subject matter jurisdiction because Appellants failed to exhaust administrative remedies. Because we further conclude the judgment dismissing the declaratory relief action without prejudice is not appealable, we dismiss the appeal.

I

[¶2] Olympic Financial is a corporation engaged in money transmission. The Department administers N.D.C.C. ch. 13-09, governing the licensure and activities of money transmitters in North Dakota. The Department issued a money transmitter license to Olympic Financial to operate.

[¶3] In July 2020, the Department began administrative proceedings against Olympic Financial, issuing an order for revocation and an order to cease-and-desist all money transmission activities in the state. Olympic Financial timely appealed and requested an administrative hearing. While Sugule is not a party to the administrative proceedings in his individual capacity, Sugule purports to be Olympic Financial's sole shareholder.

[¶4] During the course of the underlying administrative proceedings, the parties served each other with discovery requests. Olympic Financial did not respond to the Department's discovery requests within the administrative proceedings but alleges that it "notified the Department that substantial risk existed for improper compelled self-incrimination on the part of Olympic Financial sole shareholder Ab[d]ulaziz Sugule existed for in light of the presence of N.D.C.C. § 13-09-22(2), an overly-broad and vague 'catchall' criminal statute[.]" Olympic Financial asserts it requested that the Department agree to a grant of immunity for both Olympic Financial and

Sugule before providing discovery responses. The Department declined to enter into an agreement for a grant of immunity and moved to compel discovery in the administrative proceedings before the administrative law judge ("ALJ").

[¶5] Rather than responding to the Department's motion to compel, Olympic Financial and Sugule commenced this action in the district court for a declaratory judgment against the Department. Olympic Financial and Sugule subsequently filed an amended complaint seeking a judgment declaring that N.D.C.C. § 13-09-22, which provides for criminal penalties under N.D.C.C. ch. 13-09 governing money transmitters, is unconstitutional; declaring that the petitioners possess a constitutional right to be free from compelled self-incrimination; and seeking a writ of mandamus compelling the Department to recognize the petitioners' constitutional rights to be free from self-incrimination in pending administrative proceedings.

[¶6] The Department moved the district court to dismiss the action under N.D.R.Civ.P. 12(b)(1) and 12(b)(6) asserting, respectively, that the district court lacked subject matter jurisdiction over the amended complaint and that the amended complaint failed to state a claim upon which relief can be granted because Olympic Financial failed to exhaust administrative remedies and a justiciable controversy did not exist. Olympic Financial and Sugule opposed the Department's motion. The administrative proceedings against Olympic Financial remained pending at the time of the hearing on the motion.

[¶7] After a hearing, the district court granted the Department's motion to dismiss. In its order, the court held that it lacked subject matter jurisdiction over both plaintiffs' claims in the amended complaint based on the failure to exhaust administrative remedies before seeking relief in the district court. Judgment was entered dismissing the action without prejudice.

II

[¶8] Chapter 32-23, N.D.C.C., authorizes courts to issue declaratory judgments, which are reviewed on appeal under the same standards as other cases. N.D.C.C. § 32-23-07; *Zerr v. N.D. Workforce Safety & Ins.*, 2017 ND 175, ¶ 9, 898 N.W.2d 700; *Nationwide Mut. Ins. Cos. v. Lagodinski*, 2004 ND 147, ¶

2

7, 683 N.W.2d 903. Under N.D.C.C. § 32-23-01, a "court of record within its jurisdiction shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 32-23-02, N.D.C.C., provides that "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and may obtain a declaration of rights, status, or other legal relations thereunder."

[¶9]   A court may refuse to render a declaratory judgment if the judgment would not terminate the uncertainty or controversy giving rise to the proceeding. N.D.C.C. § 32-23-06. When declaratory relief is sought, all persons having or claiming any interest that would be affected by the declaration must be made parties, and a declaration may not prejudice the rights of persons not named as parties to the proceeding. N.D.C.C. § 32-23-11. The declaratory relief provisions under N.D.C.C. ch. 32-23 are remedial and are construed and administered liberally to afford relief from uncertainty and insecurity about rights, status, and other legal relations. N.D.C.C. § 32-23-12. "The declaratory judgment statutes are not jurisdictional." *City of Harwood v. City of Reiles Acres*, 2015 ND 33, ¶ 12, 859 N.W.2d 13 (citing *State v. J.P. Lamb Land Co.*, 359 N.W.2d 368, 369 (N.D. 1984)).

[¶10] This Court has long held that "[t]he exhaustion of administrative remedies is a prerequisite to seeking declaratory relief." *Cont'l Res., Inc. v. N.D. Dep't of Envtl. Quality*, 2019 ND 280, ¶ 10, 935 N.W.2d 780; *see also Zerr*, 2017 ND 175, ¶ 12; *Medcenter One, Inc. v. N.D. State Bd. of Pharmacy*, 1997 ND 54, ¶ 12, 561 N.W.2d 634; *Tooley v. Alm*, 515 N.W.2d 137, 139 (N.D. 1994); *Transp. Div. of Fargo Chamber of Com. v. Sandstrom*, 337 N.W.2d 160, 162-63 (N.D. 1983); *Shark Bros., Inc. v. Cass Cnty.*, 256 N.W.2d 701, 705-06 (N.D. 1977). This Court has recognized that dismissal for lack of subject matter jurisdiction under N.D.R.Civ.P. 12(b)(1) is appropriate when a plaintiff fails to exhaust administrative remedies. *Vogel v. Marathon Oil Co.*, 2016 ND 104, ¶¶ 7-8, 879 N.W.2d 471; *see also Armstrong v. Helms*, 2022 ND 12, ¶ 7, 969 N.W.2d 180; *Thompson v. Peterson*, 546 N.W.2d 856, 861 (N.D. 1996). A dismissal for lack of subject matter jurisdiction is reviewed de novo on appeal when the jurisdictional facts are not in dispute. *Vogel*, at ¶ 7.

[¶11] Here, the district court held that it lacked subject matter jurisdiction over the action seeking declaratory relief because Olympic Financial and Sugule failed to exhaust administrative remedies in the proceedings before the Department. Because the court dismissed the entire action without prejudice, we examine whether the judgment is appealable.

A

[¶12] "The right of appeal is governed solely by statute in this state[.]" *Mann v. N.D. Tax Comm'r*, 2005 ND 36, ¶ 7, 692 N.W.2d 490; *see also* N.D.C.C. § 32-23-07 ("All orders, judgments, and decrees under [N.D.C.C. ch. 32-23] may be reviewed as other orders, judgments, and decrees."). Section 28-27-02, N.D.C.C., provides:

> The following orders when made by the court may be carried to the supreme court:
> 1. An order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken;
> 2. A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment;
> 3. An order which grants, refuses, continues, or modifies a provisional remedy, or grants, refuses, modifies, or dissolves an injunction or refuses to modify or dissolve an injunction, whether such injunction was issued in an action or special proceeding or pursuant to the provisions of section 35-22-04, or which sets aside or dismisses a writ of attachment for irregularity;
> 4. An order which grants or refuses a new trial or which sustains a demurrer;
> 5. An order which involves the merits of an action or some part thereof;
> 6. An order for judgment on application therefor on account of the frivolousness of a demurrer, answer, or reply; or
> 7. An order made by the district court or judge thereof without notice is not appealable, but an order made by the district court after a hearing is had upon notice which vacates or refuses to set aside an order previously made

without notice may be appealed to the supreme court when by the provisions of this chapter an appeal might have been taken from such order so made without notice, had the same been made upon notice.

[¶13] "Ordinarily, a dismissal without prejudice is not appealable because either side may commence another action." *State by & through Workforce Safety & Ins. v. Boechler, PC*, 2022 ND 98, ¶ 7, 974 N.W.2d 409 (quoting *Rolette Cnty. Soc. Serv. Bd. v. B.E.*, 2005 ND 101, ¶ 4, 697 N.W.2d 333). A dismissal without prejudice may be final and appealable, however, "if the plaintiff cannot cure the defect that led to dismissal" or "if the dismissal has the practical effect of terminating the litigation in the plaintiff's chosen forum[.]" *Rodenburg v. Fargo-Moorhead Young Men's Christian Ass'n*, 2001 ND 139, ¶ 12, 632 N.W.2d 407; *see also Boechler*, at ¶ 7; *Vogel*, 2016 ND 104, ¶ 6; *Haugenoe v. Bambrick*, 2003 ND 92, ¶ 2, 663 N.W.2d 175 (quoting *Jaskoviak v. Gruver*, 2002 ND 1, ¶ 8, 638 N.W.2d 1) (where a statute of limitations has run, a dismissal "effectively forecloses litigation in the courts of this state").

[¶14] The district court in this case dismissed the claims for declaratory relief of both plaintiffs—Olympic Financial, the corporation subject to the Department's administrative proceedings, and Sugule, Olympic Financial's purported sole shareholder—without prejudice based on the failure to exhaust administrative remedies.

[¶15] In failing to exhaust administrative remedies, the judgment dismissing the declaratory judgment action without prejudice may be final and appealable if Appellants cannot cure the defect that led to dismissal or if the dismissal has the practical effect of terminating the litigation in their chosen forum.

[¶16] In *Vogel*, 2016 ND 104, ¶ 6, this Court held that a dismissal without prejudice was appealable even though administrative remedies had not been exhausted. The plaintiff, Vogel, individually and on behalf of those similarly situated, sued defendant Marathon Oil Company seeking declaratory relief as well as money damages for failure to pay royalties on flared gas. *Id.* at ¶ 3. Vogel appealed from a district court judgment dismissing her complaint without prejudice for failure to exhaust administrative remedies. *Id.* at ¶ 1.

Vogel argued on appeal that her claims should not have been dismissed because she had a private right of action for violations of N.D.C.C. § 38-08-06.4 and was not required to exhaust administrative remedies. *Vogel*, at ¶ 1.

[¶17] While we ultimately affirmed the district court in concluding Vogel was required to exhaust her administrative remedies before pursuing any claims in court, we initially concluded the dismissal "without prejudice" was appealable because the judgment had the practical effect of terminating the litigation in Vogel's chosen forum:

> Vogel argues the judgment dismissing her complaint without prejudice is appealable. Marathon does not dispute that the judgment is appealable. A dismissal without prejudice generally is not appealable, but it may be final and appealable if it has the practical effect of terminating the litigation in the plaintiff's chosen forum. The judgment requires Vogel to pursue her administrative remedies and terminates *her attempt to seek damages through the courts individually and as a class action*. The judgment has the practical effect of terminating the litigation in Vogel's chosen forum. We conclude the judgment in this case is appealable.

*Vogel*, 2016 ND 104, ¶ 6 (emphasis added) (citation omitted). Our decision in *Vogel*, however, is distinguishable and does not support appealability for the judgment dismissing this declaratory relief action without prejudice.

[¶18] In *Vogel*, the district court had concluded N.D.C.C. ch. 38-08 provided the exclusive administrative remedies and N.D.C.C. § 38-08-06.4 did not provide an express or implied private right of action. 2016 ND 104, ¶ 5. We held the judgment therefore limited Vogel to administrative remedies and terminated her attempt to seek damages, both individually and as a class action, by way of a purported implied private cause of action through the courts. *Vogel*, at ¶ 6. Under those circumstances, we held the judgment dismissing the complaint without prejudice was appealable because it had the practical effect of terminating the litigation in the plaintiff's chosen forum.

[¶19] In contrast, Appellants' claims in this declaratory judgment action specifically derive from or have arisen because the Department exercised its

6

administrative executive power to regulate money transmitters. The underlying administrative proceedings against Olympic Financial before an ALJ are pending, which relate to the license revocation order, the cease-and-desist order, and the ensuing discovery dispute. The Administrative Agencies Procedure Act, N.D.C.C. ch. 28-32, provides for a statutory right to appeal and judicial review in the courts. *See, e.g.,* N.D.C.C. §§ 28-32-33, 28-32-42, 28-32-46, 28-32-49.

[¶20] The district court's judgment dismissing Appellants' claims for declaratory relief without prejudice does not terminate an independent statutory claim or a cause of action attempting to seek damages through the courts, like in *Vogel*. The court's dismissal without prejudice also does not have the practical effect of terminating litigation in Appellants' chosen forum after Olympic Financial appealed from and requested an administrative hearing on the Department's administrative orders. Rather, the dismissal without prejudice merely defers the district court's consideration of the claims raised in this declaratory judgment action.

[¶21] Appellants argue the judgment dismissing its declaratory relief action without prejudice is appealable because this case falls within exceptions to the exhaustion requirement. In *Zerr*, 2017 ND 175, ¶¶ 12-13, this Court discussed the purpose for requiring exhaustion before granting declaratory relief:

> The purpose of requiring exhaustion of remedies has its basis in the separation of powers doctrine. Requiring exhaustion accord[s] recognition to the 'expertise' of the [administrative agency's] quasi-judicial tribunal, permitting it to adjudicate the merits of the plaintiff's claim in the first instance. Requiring exhaustion also promotes judicial efficiency.
>
> Therefore, [w]hen appellate processes are available and the remedies will provide adequate relief, those remedies must be exhausted before seeking judicial remedies, unless exhaustion would be futile. In addition to futility, we will not require exhaustion of administrative remedies when a legal question simply involves statutory interpretation and does not need the exercise of an agency's expertise in making factual decisions. We have also said requiring exhaustion depends on considerations

including whether the issues need the expertise of an administrative body, the interpretation of a statute, or the resolution of a pure question of law.

(Citations and quotation marks omitted.)

[¶22] Appellants contend exhaustion of administrative remedies is not required and they are entitled to declaratory relief because this declaratory judgment action involves statutory interpretation on the constitutionality of N.D.C.C. § 13-09-22, where expertise of the administrative agency is not necessary; because important constitutional questions exist that are collateral to the factual subject matter of the Department's administrative proceedings; and because the administrative agency is inadequate to adjudicate constitutional questions and it would be futile. They alternatively assert this Court should exercise its discretion to hear the appeal given the remedial nature for declaratory judgments.

[¶23] The Department responds that the judgment is not appealable because Appellants can cure the defect that led to the district court's dismissal of the case by exhausting remedies in the administrative proceedings and properly perfecting an appeal from the administrative decision to the district court. The Department argues the court's dismissal did not have the practical effect of terminating the litigation in Olympic Financial's "chosen forum" because the administrative proceedings would have simply continued.

[¶24] Appellants rely on *Medcenter One*, 1997 ND 54, ¶¶ 11-12, which discusses the "bundle of considerations" in deciding whether to apply the exhaustion doctrine and exceptions to the doctrine:

> The doctrine preserves agency authority by recognizing the agency's initial decisionmaking responsibility. [5 Stein, Mitchell, Mezines, *Administrative Law* § 49.01 (1997).] The requirement for exhaustion is particularly weighty when the agency's decision involves factual issues or administrative expertise. *See Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289 (N.D. 1995). The exhaustion prerequisite establishes an efficient method for dispute resolution by giving the agency a chance to correct its mistakes before being sued. *Id.* If the agency has an

8

opportunity to correct its own errors, a judicial controversy may be mooted or, at a minimum, piecemeal appeals may be avoided. *See* 5 Stein, Mitchell, Mezines at § 49.01. And, where the dispute is not resolved at the administrative level, the exhaustion of remedies will generally develop a complete record for judicial review, especially in technical or complex factual situations. *See Medical Arts*. These factors recognize a vital role for exhaustion of administrative remedies in the relationship between the executive and the judicial branches of government.

Notwithstanding these institutional justifications [supporting exhaustion of remedies], the exhaustion doctrine has several well-recognized exceptions, including when a legal question simply involves statutory interpretation and does not need the exercise of an agency's expertise in making factual decisions. *See generally* 2 Am.Jur.2d *Administrative Law* at § 511; 5 Stein, Mitchell, Mezines at § 49.02. In *Shark Brothers, Inc. v. Cass County*, 256 N.W.2d 701 (N.D. 1977), we explained that application of the exhaustion doctrine depends upon a bundle of considerations, including whether the issues need the expertise of an administrative body, the interpretation of a statute, or the resolution of a pure question of law. *See also Kessler v. Board of Educ. of City of Fessenden*, 87 N.W.2d 743 (N.D. 1958) (no requirement for exhaustion of administrative remedies where construction of statute involved pure legal question customarily decided by courts). *Shark Brothers* acknowledges that exhaustion of administrative remedies is not a rigid prerequisite for a statutory interpretation that does not infringe on an agency's factual decisionmaking process.

One of the above-noted authorities, however, further discussed criticism of exceptions for constitutional questions or purely legal questions:

Some courts have established their own categorical breakdowns of exceptions, or added additional categories. Many of these variations suggest another exception should be allowed when constitutional questions are at issue. This additional exception has been criticized, especially when eventual judicial review could deal with the constitutional issues after the agency has had the opportunity to amend its position and possibly avoid the need for a constitutional decision. Similarly, several courts allow an exception when the question presented is purely legal,

9

such as a question of statutory interpretation, where a factual record is unnecessary. Both of these "additional" exceptions may, however, be categorized as problems for which emergency remedies are "inadequate," or for which the solutions are in excess of the agency's statutory authority, obviating the need for added categories. *Also, it is neither necessary nor advisable to avoid the doctrine each time a constitutional or legal issue is raised*.

5 Jacob A. Stein & Glenn A. Mitchell, *Administrative Law* § 49.02 (2022) (emphasis added) (footnotes omitted).

[¶25] In this case's procedural posture, the dispositive question is the appealability of the district court's judgment dismissing without prejudice. After the dismissal, Appellants have not been left in a position where a statute of limitations has run, where it cannot cure a defect leading to the dismissal, or where an independent claim or cause of action is barred in a subsequent action based on its failure to exhaust administrative remedies. Appellants have remedies in the underlying administrative proceedings. It is undisputed administrative proceedings involving Olympic Financial have commenced, are pending, and have been continued until disposition of this action. This action for declaratory judgment has effectively forestalled or usurped the administrative proceedings before discovery was completed, before an administrative evidentiary hearing was held, and before an appeal of an ALJ's decision to the district court could be taken.

[¶26] We conclude the judgment dismissing without prejudice neither prevents Appellants from curing the defect leading to the dismissal nor has the practical effect of terminating litigation in their chosen forum. The judgment dismissing the Appellants' declaratory relief action without prejudice is therefore not appealable.

B

[¶27] Appellants nevertheless argue they should not be required to first litigate state and federal constitutionally-based declaratory judgment claims before the Department because if N.D.C.C. § 13-09-22(2) is unconstitutional, any proceedings under it are in excess of a court's jurisdiction, and the same

principle applies to administrative agency proceedings. They assert the declaratory judgment action seeks to declare the "strict liability" provision, N.D.C.C. § 13-09-22(2), violates their rights to due process under the state and federal constitutions. They again argue exhaustion is not required because the subject matter of this declaratory judgment action involves statutory interpretation, in which the expertise of the administrative agency is not necessary to determine a "purely legal issue" collateral to the license year revocation; because important collateral constitutional questions exist; and because the Department is inadequate to adjudicate constitutional questions.

[¶28] However, in *Johnson v. Elkin*, 263 N.W.2d 123, 127 (N.D. 1978), this Court explained that constitutional issues may be presented even when the agency does not have the authority to decide:

> We adhere to the rule that evidence should be presented to the administrative agency, even though that evidence may relate to a constitutional issue which that agency has no power to decide. Very often the evidence on the constitutional issue will also be relevant to other issues before the agency. Even if additional evidence is taken on the constitutional issue, the time spent in taking it will be justified by the fact that the record will be in one unit and only one evidentiary hearing will be needed. However, the rule that evidence should be presented to the administrative agency does not preclude the raising of the constitutional issue at that level, either during the proceeding or by petition for rehearing. The administrative agency may, if it wishes, indicate its views as to constitutionality, but such views are not to be considered as binding.

[¶29] Appellants' arguments on appeal are unavailing. In *Brown v. State ex rel. State Bd. of Higher Educ.*, 2006 ND 60, ¶ 8, 711 N.W.2d 194, this Court reiterated that "past decisions holding the constitutionality of an act administered by an agency may be raised for the first time on appeal to the district court do not abolish the requirement for exhaustion of administrative remedies before suing in court." *See also Thompson*, 546 N.W.2d at 863 (same).

[¶30] Moreover, in *Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289, 296-98 (N.D. 1995), a case addressing administrative discovery,

11

this Court thoroughly discussed the law in effect at the time and a hearing officer's authority in administrative discovery. This Court explained that "regardless of the correctness of a hearing officer's answers to administrative discovery questions, the Legislature has conferred statutory authority upon the hearing officer to decide those questions[.]" *Id.* at 298. These principles remain true under present law. *See* N.D.C.C. § 28-32-33.

[¶31] The district court did not err in concluding the Appellants' constitutional claims did not provide an exception to the doctrine to exhaust administrative remedies in this case.

C

[¶32] Sugule, as Olympic Financial's purported sole shareholder, argues he also possesses a right to be free from compelled self-incrimination under the federal and state constitutions in the pending administrative proceedings.

[¶33] While Sugule attempts to bootstrap his individual objections to the discovery sought to be compelled from Olympic Financial, this issue is clearly intertwined with the underlying motion to compel in the administrative proceedings and is subject to an ALJ's fact-finding and decision-making. Our decision in *Medical Arts*, 531 N.W.2d 289, is again instructive, in which this Court concluded both a party and a nonparty from whom discovery is sought in an administrative proceeding must exhaust their administrative remedies.

[¶34] In *Medical Arts*, 531 N.W.2d at 298, Medical Arts was a nonparty to the administrative proceeding and asserted a trade-secret claim. Because of Medical Arts' nonparty status, this Court stated that "the procedure for judicial review of Medical Arts' claim, is not as clear [as a party's procedure]." We further explained, however, that "Medical Arts must first exhaust its administrative remedies so the hearing officer has an opportunity to specifically rule on its claim. Those administrative remedies include asking the hearing officer to issue a protective order, or to quash or modify a subpoena." *Id.* (citation omitted).

[¶35] Recognizing Medical Arts could exhaust its administrative remedies and the hearing officer could deny Medical Arts' trade-secret claim, this Court also noted Medical Arts had no assurances Franciscan would not disclose the information before judicial review was available. "Disclosure by Franciscan under those circumstances would impose upon Medical Arts the impossible task of seeking a remedy that would 'unring a bell.'" *Medical Arts*, 531 N.W.2d at 298. We addressed that possibility, holding "that if the impact of an order compelling disclosure of claimed trade secrets cannot be 'unmade' and, after exhaustion of administrative remedies, there is no other recourse for an entity like Medical Arts, a writ of prohibition may be sought for judicial review of the hearing officer's trade-secret decision." *Id*. at 299. *Medical Arts* therefore stands for the proposition that, under the limited circumstances when judicial review will not provide a meaningful remedy because of the impact of the hearing officer's discovery ruling, a nonparty may seek a writ of prohibition for judicial review of the hearing officer's decision. However, that remedy is only potentially available when the nonparty first exhausts the nonparty's administrative remedies.

[¶36] Here, the record indicates Sugule did not exhaust administrative remedies. Had he done so, it is possible the ALJ would have issued an order addressing Sugule's concerns. However, he made no attempt to permit the ALJ to address the issue. Based on *Medical Arts*, the judgment dismissing the declaratory judgment action without prejudice is not appealable as to Sugule because he did not exhaust his administrative remedies.

[¶37] We conclude the discovery issues must be litigated through the pending administrative proceedings before reaching a final disposition in the district court. Olympic Financial and Sugule must exhaust the administrative remedies in the underlying administrative proceedings before pursuing judicial remedies in the district court. The judgment dismissing the action for declaratory relief without prejudice is not appealable and dismissal of its appeal is appropriate.

13

## III

[¶38] We conclude the remaining arguments are either without merit or unnecessary to our decision. The appeal is dismissed.

[¶39] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr