# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2024 ND 34

Jonathan T. Garaas and David Garaas, as Co-Trustees of the Barbara Susan Garaas Family Trust; Jonathan T. Garaas, as Trustee of the David & Elizabeth Garaas Family Trust; David Garaas, as Trustee of the Jonathan & Jill Garaas Family Trust,

                                                    Plaintiffs and Appellants

v.

Petro-Hunt, L.L.C., a limited liability company under the laws of the State of Texas,

                                                    Defendant and Appellee

## No. 20230200

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Robin A. Schmidt, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Jonathan T. Garaas, Fargo, ND, for plaintiffs and appellants.

Wade C. Mann (argued) and Zachary R. Eiken (appeared), Bismarck, ND, for defendant and appellee.

Derrick L. Braaten, Bismarck, ND, for amicus curiae Allen Dominek and Arlen Dominek.

Michelle Scheffler, Houston, TX, for amicus curiae Chord Energy Corporation and Hess Bakken Investments II, LLC.

**Bahr, Justice.**

[¶1]   Jonathan Garaas and David Garaas, as Co-Trustees of the Barbara Susan Garaas Family Trust; Jonathan T. Garaas, as Trustee of the David & Elizabeth Garaas Family Trust; and David Garaas, as Trustee of the Jonathan & Jill Garaas Family Trust, appeal from a judgment dismissing their complaint without prejudice. The district court entered judgment after issuing an order concluding the court lacked subject matter jurisdiction because the Trusts did not exhaust their administrative remedies. We conclude the judgment is appealable. We further conclude the Trusts are required to exhaust their administrative remedies before the North Dakota Industrial Commission prior to bringing their claims in district court. We affirm.

I

[¶2]   The Trusts own mineral interests in McKenzie County. Petro-Hunt, L.L.C., operates an oil well on the land. The "well involves a four (4) section spacing unit [sometimes called a drilling unit] created by the North Dakota Industrial Commission[.]" Petro-Hunt issued a division order for the well in November 2021. The division order indicated the plaintiff had a decimal royalty interest in the well of .00007757. In November 2022, Petro-Hunt issued a supplemental division order which lowered the decimal interest to .00005819.

[¶3]   The Trusts brought this suit against Petro-Hunt for declarative relief and damages. The Trusts requested a "judgment determining each of the Plaintiff Trusts are entitled to a share of production from the . . . oil well, based upon a distribution factor of at least 0.00007757" and "[f]or a monetary judgment against Petro-Hunt, L.L.C., based upon the difference between what each Trust should have been paid with the correctly determined royalty interest and what Defendant Petro-Hunt, L.L.C., paid to each Trust under the erroneous distribution factor[.]" They further requested statutory interest and attorney's fees under N.D.C.C. § 47-16-39.1.

1

[¶4] Petro-Hunt moved to dismiss the complaint under N.D.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, arguing the Trusts failed to exhaust their administrative remedies. The district court granted the motion and entered a judgment dismissing the complaint without prejudice.

II

[¶5] "Before we consider the merits of an appeal, we must have jurisdiction." *Kaspari v. Kaspari*, 2023 ND 207, ¶ 4, 997 N.W.2d 621 (quoting *Hoffarth v. Hoffarth*, 2020 ND 218, ¶ 5, 949 N.W.2d 824). "Although neither party raised the issue of jurisdiction, this Court has the duty to dismiss an appeal on its own if we conclude the attempted appeal fails for lack of jurisdiction." *Id.*

[¶6] The judgment in this case dismissed the complaint without prejudice. "A dismissal without prejudice generally is not appealable, but it may be final and appealable if it has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Vogel v. Marathon Oil Co.*, 2016 ND 104, ¶ 6, 879 N.W.2d 471. "In failing to exhaust administrative remedies, the judgment dismissing the declaratory judgment action without prejudice may be final and appealable if Appellants cannot cure the defect that led to dismissal or if the dismissal has the practical effect of terminating the litigation in their chosen forum." *Olympic Fin. Grp., Inc. v. N.D. Dep't of Fin. Inst.*, 2023 ND 38, ¶ 15, 987 N.W.2d 329.

[¶7] The judgment ends the Trusts' action in district court until they exhaust their administrative remedies at the Industrial Commission. Under the judgment, the Trusts cannot cure the defect without first going to the Industrial Commission. Therefore, the judgment has the practical effect of terminating litigation in their chosen forum. *See Vogel*, 2016 ND 104, ¶ 6 (concluding judgment dismissing complaint without prejudice is appealable because it requires appellant "to pursue her administrative remedies and terminates her attempt to seek damages through the courts"). We conclude the judgment is appealable.

# III

[¶8] The district court dismissed the case for lack of subject matter jurisdiction. "Dismissal for lack of subject matter jurisdiction is generally appropriate if the plaintiff fails to exhaust administrative remedies, because failure to exhaust those remedies precludes making a claim in court." *Cont'l Res., Inc. v. Counce Energy BC #1, LLC*, 2018 ND 10, ¶ 6, 905 N.W.2d 768. "A dismissal for lack of subject-matter jurisdiction will be reviewed de novo on appeal if the jurisdictional facts are not disputed." *Vogel*, 2016 ND 104, ¶ 7.

[¶9] The Trusts argue the exhaustion of administrative remedies requirement does not apply to their private rights of action for underpayment of royalties and their request for declaratory relief. Petro-Hunt responds that the Trusts' claims are subject to the exhaustion of administrative remedies requirement because their claims are "inextricably intertwined" with predicate issues within the Industrial Commission's jurisdiction.

[¶10] "Our decisions have . . . consistently required exhaustion of remedies before the appropriate administrative agency as a prerequisite to making a claim in court." *Armstrong v. Helms*, 2022 ND 12, ¶ 7, 969 N.W.2d 180 (quoting *Thompson v. Peterson*, 546 N.W.2d 856, 861 (N.D. 1996)). "The purpose of requiring exhaustion of remedies has its basis in the separation of powers doctrine." *Brown v. State ex rel. State Bd. of Higher Educ.*, 2006 ND 60, ¶ 11, 711 N.W.2d 194 (quoting *Tracy v. Central Cass Pub. Sch. Dist.*, 1998 ND 12, ¶ 14, 574 N.W.2d 781). "The requirement preserves agency authority and promotes judicial efficiency." *Vogel*, 2016 ND 104, ¶ 36. The exhaustion requirement "recognizes the agency's initial decision-making responsibility and allows the agency to use its particular expertise in resolving the dispute." *Id.* Exhaustion "encourages administrative decision makers to explain the basis for their decisions and perhaps, most important, provides courts with the benefit of their expertise in such matters in the event of judicial review." *Id.* (quoting *Med. Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289, 295 (N.D. 1995)). "The court's review of the matter is aided by the agency's findings, conclusions, and record if the case makes its way into the court system." *Id.* "The requirement for exhaustion is particularly weighty when the

agency's decision involves factual issues or administrative expertise." *Johnson v. Traynor*, 1998 ND 115, ¶ 12, 579 N.W.2d 184 (quoting *Medcenter One, Inc. v. N.D. State Bd. of Pharmacy,* 1997 ND 54, ¶ 11, 561 N.W.2d 634).

[¶11] The exhaustion requirement applies to claims for damages and requests for declaratory and injunctive relief. *Cooke v. Univ. of N.D.*, 1999 ND 238, ¶ 10, 603 N.W.2d 504 ("Under exhaustion of remedies theory, an employee generally must pursue available administrative remedies prior to suing for damages."); *Long v. Samson*, 1997 ND 174, ¶ 11, 568 N.W.2d 602 (concluding the exhaustion of remedies doctrine applies to the contract and tort claims); *Olympic Fin. Grp.*, 2023 ND 38, ¶ 10 ("The exhaustion of administrative remedies is a prerequisite to seeking declaratory relief." (quoting *Cont'l Res., Inc. v. N.D. Dep't of Envtl. Quality*, 2019 ND 280, ¶ 10, 935 N.W.2d 780)); *Zerr v. N.D. Workforce Safety & Ins.*, 2017 ND 175, ¶ 12, 898 N.W.2d 700 ("Ordinarily, a party must [also] exhaust available administrative remedies before seeking declaratory or injunctive relief." (quoting *Robertson v. N.D. Workers Comp. Bureau*, 2000 ND 167, ¶ 13, 616 N.W.2d 844)). "Whether the exhaustion of remedies requirement applies in each case depends on a mixed bundle of considerations, including, but not limited to, expertise of administrative bodies, statutory interpretation, pure questions of law, constitutional issues, discretionary authority of the courts, primary, concurrent, or exclusive jurisdiction, inadequacies of administrative bodies, etc." *Vogel*, 2016 ND 104, ¶ 37 (cleaned up).

[¶12] "[T]he exhaustion doctrine has several well-recognized exceptions, including when a legal question simply involves statutory interpretation and does not need the exercise of an agency's expertise in making factual decisions." *Olympic Fin. Grp.*, 2023 ND 38, ¶ 24 (quoting *Medcenter One*, 1997 ND 54, ¶ 12). However, "[a]dministrative agencies routinely construe statutes under which they operate in the performance of administering those laws." *GEM Razorback, LLC v. Zenergy, Inc.*, 2017 ND 33, ¶ 12, 890 N.W.2d 544.

[¶13] The exhaustion requirement applies to the Industrial Commission because, "under N.D.C.C. ch. 38-08, the Legislature granted the Industrial Commission broad authority to regulate oil and gas development." *Cont'l Res.,*

2018 ND 10, ¶ 7; *see GEM Razorback,* 2017 ND 33, ¶¶ 10, 14 (discussing the Industrial Commission's "comprehensive powers" under N.D.C.C. ch. 38-08 and affirming dismissal of specific performance claims because appellant failed to exhaust its administrative remedies before the Industrial Commission). "The Commission's powers are continuous . . . and are exclusive." *Black Hills Trucking, Inc. v. N.D. Indus. Comm'n*, 2017 ND 284, ¶ 12, 904 N.W.2d 326 (quoting *Envtl. Driven Sols., LLC v. Dunn Cnty.*, 2017 ND 45, ¶ 9, 890 N.W.2d 841). The Industrial Commission does not need to be able to fully adjudicate a case to require exhaustion of administrative remedies. *See Cont'l Res.,* at ¶ 9 (concluding the district court lacked jurisdiction over a parties' counterclaims because they were "inextricably intertwined" with a factual issue). If parties did not need to exhaust their administrative remedies because the Industrial Commission could not decide every issue of the case, it would encourage piecemeal litigation between issues under the jurisdiction of the district court and the Industrial Commission. *See Midwest Med. Ins. Co. v. Doe*, 1999 ND 17, ¶ 10, 589 N.W.2d 581 ("Courts should avoid granting declaratory judgments if to do so would entail piecemeal litigation of the matters in controversy.").

[¶14] The Trusts argue there are not factual issues requiring findings from the Industrial Commission. Petro-Hunt responds arguing the Industrial Commission needs to provide factual findings as to correlative rights of the landowners affected in the drilling unit.

[¶15] The Trusts are correct that when a case only involves statutory interpretation, exhaustion is not always necessary. *See Medcenter One*, 1997 ND 54, ¶ 21 (concluding exhaustion was not necessary because the "case involves only the interpretation of an unambiguous statute, and does not involve any issues generally reserved to an administrative decisionmaker"). However, this case requires findings on factual issues related to the correlative rights of the owners in the pool. "Questions concerning correlative rights and the Commission's jurisdiction entail factual considerations." *Dominek v. Equinor Energy L.P.*, 2022 ND 211, ¶ 17, 982 N.W.2d 303. To answer those questions, a fact finder must find facts related to the mineral interest and interpret the Industrial Commission's orders to determine the correct value of the royalty interest. The Industrial Commission has jurisdiction to resolve

5

those factual issues. N.D.C.C. § 38-08-04(1)(c). Here, the Industrial Commission can make statutory interpretations necessary for the case, create a record, and decide factual issues before the case proceeds to district court. Therefore, because of the Industrial Commission's jurisdiction, the Trusts must first bring the issues before the Industrial Commission to allow it to exercise its jurisdiction, make finding of facts, and develop a complete record. *See Vogel*, 2016 ND 104, ¶ 36; *see also Dominek v. Equinor Energy L.P.*, No. 1:19-cv-288, 2023 WL 3742825 (D.N.D. May 31, 2023) (concluding the court lacks subject matter jurisdiction because plaintiffs' claims fall within the Industrial Commission's jurisdiction and plaintiffs failed to exhaust their administrative remedies).

[¶16] Because some of the issues raised in this case are within the Industrial Commission's jurisdiction, the Industrial Commission must consider the factual issues and make findings rather than the district court. If a party does not agree with the Industrial Commission's conclusions, the party may file an appeal with the district court in accordance with N.D.C.C. ch. 28-32. "[A]n appeal of an administrative decision is an adequate legal remedy to contest the Commission's decisions." *GEM Razorback,* 2017 ND 33, ¶ 13. Also, after they have exhausted their administrative remedies, the Trusts may bring an appropriate action for declaratory relief or damages in the district court.

IV

[¶17] We have considered the parties' remaining arguments and conclude they are not necessary to our decision or are without merit. We affirm.

[¶18] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr